**Ronald RUFFIN, Plaintiff–Appellant,**

v.

**GREAT DANE TRAILERS,**
**Defendant–Appellee.**

**No. 91–7423.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 20, 1992.

---

Richard J. Ebbinghouse, C. Michael Quinn and Melinda Lawrence, Gordon, Silberman, Wiggins & Childs, Birmingham, Ala., for plaintiff-appellant.

Mac B. Greaves, Sadler Sullivan Herring & Sharp, Birmingham, Ala., Steve Dellinger and James B. Spears, Jr., Haynsworth, Baldwin, Johnson & Greaves, Charlotte, N.C., for defendant-appellee.

Before KRAVITCH, Circuit Judge, CLARK *, Senior Circuit Judge, and PITTMAN **, Senior District Judge.

KRAVITCH, Circuit Judge:

Plaintiff-appellant Ronald Ruffin appeals the district court's denial of plaintiff's request for attorney's fees. Ruffin sued his employer, defendant-appellee Great Dane Trailers ("Great Dane"), seeking damages and injunctive relief for violations of Title VII. The district court found in favor of the defendant on plaintiff's claims for damages, but held in favor of the plaintiff on his claim for injunctive relief, ordering the defendant to take appropriate steps to make its Birmingham, Alabama shop a racially neutral workplace. The district court denied plaintiff's request for attorney's fees on the ground that he had failed to prevail on any significant issue in the litigation. Plaintiff appeals the district court's decision not to award plaintiff attorney's fees. We reverse and remand to the district court.

## I. BACKGROUND AND COURSE OF PROCEEDINGS

Ruffin was employed at Great Dane's Birmingham, Alabama shop as a Class B mechanic. On November 15, 1989, Ruffin sued Great Dane for violations of Title VII, claiming discrimination on account of race. Specifically, Ruffin alleged the following violations: (1) that Great Dane had failed

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

to promote Ruffin to the position of Class A mechanic on account of race; (2) that Great Dane had discriminated against Ruffin in terms of job assignments, giving him more difficult and less attractive work than white mechanics received; (3) that Great Dane had disciplined Ruffin differently than it disciplined white workers; and (4) that Ruffin had been subjected to a racially hostile work environment.

Ruffin sought the following relief: (1) a declaratory judgment that Great Dane's employment policies and practices violated Title VII; (2) a permanent injunction ordering Great Dane to cease violating Title VII; and (3) "an Order requiring the defendant to make the plaintiff whole by awarding him the position he would have occupied in the absence of race discrimination, compensatory damages, lost seniority, benefits, and loss of pension."

This case was tried before the United States District Court for the Northern District of Alabama on April 15–16, 1991. At the end of the trial, the court read its findings of fact and conclusions of law into the record, analyzing separately each of the four components of Ruffin's Title VII claim.

The court ruled in favor of the defendant on the first three components of Ruffin's claim. The court held that Ruffin's work performance justified both the failure of the company to promote him to a Class A mechanic and the disciplinary measures taken by the company against Ruffin. The district court also found to be without merit Ruffin's allegations that he was treated unfairly in terms of work assignments.

With respect to Ruffin's claim of a racially hostile work environment, the court made two determinations. First, the court rejected plaintiff's contention that Great Dane's allegedly racially offensive work environment adversely affected Ruffin's work performance and had therefore caused the above-mentioned deficiencies in Ruffin's performance that resulted in his failure to gain advancement in the company. Second, however, the court found that "the company did not provide a sufficiently racially neutral environment for Mr. Ruffin and other blacks to perform their work in." The court found that "in the shop the various mechanics, most of whom were white, engaged on a regular basis in making racially tainted jokes, slurs and epithets." In making this determination, the court pointed in particular to one 1987 incident, highlighted by the plaintiff at trial, in which Ruffin's co-workers had placed around his neck a hangman's noose made out of thick rope and had stated that they intended to "hang us a nigger." The court recognized that Great Dane had taken some action since 1987 to correct such problems, but also recognized that "given the extent to which [the offensive behavior] had been going on for such a number of years, ... [Great Dane] has been ineffective in really correcting adequately the situation."

The court therefore (1) issued a declaratory judgment that Ruffin's rights had been violated by virtue of the behavior at the Great Dane shop, and (2) issued an injunction requiring Great Dane to "take active steps to reduce and eliminate the racial joking and slurs and episodes in the shop area." In explaining its injunction, the court noted that it was "essentially requiring ... the company to be more affirmative and more aggressive in its efforts to correct that situation, that environment in the shop."

The court taxed costs against the defendant, but held that the plaintiff was not entitled to attorney's fees under 42 U.S.C. § 1988, the civil rights attorney's fees statute, because he had not prevailed on any "central or major or significant issue." In its earlier discussion of the injunction issue, the court had indicated that "[w]hile [the district court's ruling on the injunction issue is] important, it is not really a central aspect of what has been the claim presented by the plaintiff."

Ruffin appeals the district court's determination that he is not entitled to attorney's fees under 42 U.S.C. § 1988.

## II. STANDARD OF REVIEW

■ We review a district court's determination that a civil rights plaintiff is not

entitled to attorney's fees for abuse of discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); *Taylor v. City of Fort Lauderdale*, 810 F.2d 1551, 1556 (11th Cir.1987).

## III. ANALYSIS

### A. The "Prevailing Party" Standard

42 U.S.C. § 1988 states, in relevant part: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Thus, the question in this case is whether Ruffin was a prevailing party under 42 U.S.C. § 1988.

■ The parties agree that the Supreme Court's decision in *Texas State Teacher's Ass'n v. Garland Independent School District*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), is controlling on the "prevailing party" issue. In *Garland*, the Court resolved a conflict between the circuits as to the proper standard for determining whether a civil rights plaintiff was a prevailing party, rejecting the Fifth and Eleventh Circuits' "central issue" test in favor of a more lenient standard.[1] The *Garland* Court held that "[i]f a civil rights plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit,' the plaintiff has crossed the threshold to a fee award of some kind." *Garland*, 489 U.S. at 791–92, 109 S.Ct. at 1493 (quoting *Nadeau v. Helgemoe*, 581 F.2d 275,

278–79 (1st Cir.1978)). The Court further held:

> [w]here the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis*, a district court would be justified in concluding that even the "generous formulation" we adopt today has not been satisfied. [Citations omitted]. The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute. Where such a change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award under *Hensley [v. Eckerhart, supra]*, not to the availability of a fee award *vel non*.[2]

*Id.* at 792–93, 109 S.Ct. at 1493.

Appellant claims that because the district court's injunction materially altered the legal relationship between himself and Great Dane, he has satisfied the *Garland* test and has prevailed on a significant issue in the litigation that achieved some of the benefits he sought in bringing suit.[2] Appellee contends, conversely, that Ruffin did not satisfy the *Garland* standard for several reasons: first, appellee notes that Ruffin received none of the financial benefits he sought from bringing his lawsuit, such as a promotion or back pay; second, appellee argues that the court did not order Great Dane to initiate any further action with respect to the specific incidents of racial harassment out of which Ruffin's lawsuit arose; third, Great Dane contends that, given the district court's finding that Great Dane had taken some steps to eliminate the offensive racial atmosphere in its

---

1. Prior to Garland, the Fifth and Eleventh circuits had required a civil rights plaintiff to succeed on the "central issue" in the litigation and achieve the "primary relief sought" to be eligible for an award of attorney's fees under 42 U.S.C. § 1988. *Simien v. San Antonio*, 809 F.2d 255, 258 (5th Cir.1987); *Martin v. Heckler*, 773 F.2d 1145, 1149 (11th Cir.1985) (en banc).

2. Specifically, Ruffin argues that the district court erred by applying the "central issue" test rejected in *Garland*. The court did state that plaintiff "won on no *central* or major or significant issue being presented," and that Ruffin's

claim for injunctive relief "[was] not really a central aspect of plaintiff's claim," thereby arguably implicating the discredited "central issue" test. We believe, however, that the court's language, taken as a whole, reveals that the district court looked to see whether the plaintiff prevailed on any significant issue in the litigation, thereby applying the correct legal standard. The question remains, however, whether the court incorrectly applied that standard, and abused its discretion by concluding that Ruffin was not entitled to attorney's fees.

Birmingham shop, the court's injunction merely directed the appellee to "do more of what the evidence established [it] had already done in the past." Ultimately, argues Great Dane, Ruffin achieved no more than a "technical victory" in district court, and lost on "every significant claim presented to the court."

We disagree with the appellee, and hold that the district court abused its discretion in determining that Ruffin was not a prevailing party under 42 U.S.C. § 1988 and *Garland, supra.*

## B. The Right

■ The district court's findings/conclusions make clear that the defendant violated the plaintiff's civil rights by not providing a sufficiently racially neutral work environment for Ruffin and other blacks at Great Dane, and by failing to take "some affirmative and effective corrective action" in light of the racially offensive environment at the Great Dane shop. Although it is true that a mere determination that a civil rights plaintiff's rights have been violated does not *per se* make the plaintiff a prevailing party for purposes of 42 U.S.C. § 1988, *see Rhodes v. Stewart*, 488 U.S. 1, 4, 109 S.Ct. 202, 203, 102 L.Ed.2d 1 (1988); *Hewitt v. Helms*, 482 U.S. 755, 762, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987); *Walker v. Anderson Electrical Connectors*, 944 F.2d 841, 846–47 (11th Cir.1991), *pet. for cert. filed*, 60 U.S.L.W. 3862 (May 8, 1992), the district court's ruling in this case provided Ruffin with more than a bare declaration that his rights had been violated.

## C. The Remedy

■ In an attempt to preclude future violations of Ruffin's rights, the court in this case fashioned affirmative injunctive relief, mandating that Great Dane take affirmative steps to improve its response to worksite racism. The court's decision to issue the injunction arose out of its recognition that although Great Dane had since 1987 taken some corrective action to redress the racism suffered by Ruffin, "the action management has taken from time to time in terms of correcting individuals who might be involved in using racial slurs or names or jokes has not totally stopped that kind of activity from going on within the workplaces among co-workers." Thus, because of what it perceived to be a less-than-full commitment on the part of Great Dane to eradicate the racial taunts and comments that permeated the appellee's shop, the court saw fit to use its injunctive powers to *require* Great Dane to be more aggressive in providing black workers with a racially neutral work environment. Ruffin clearly sought such injunctive relief in his complaint.

The district court's judgment undoubtedly affected the behavior of Great Dane toward the defendant, and altered the legal relationship between Ruffin and his employer. By virtue of the court's grant of injunctive relief, Great Dane is now under a legal obligation to correct the racist behavior at its jobsite. Accordingly, Ruffin may now protect his rights through a civil contempt proceeding in the event that Great Dane's compliance with the court's injunction is not forthcoming. *See Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990). Given the alteration of Ruffin's legal rights and Great Dane's legal obligations that resulted from the court's grant of injunctive relief, there is no question that Ruffin prevailed on this issue before the district court, or that, consequently, he satisfied the *Garland* standard and is entitled to an award of attorney's fees.

## D. The Incompleteness of the Remedy

■ That Ruffin only partially prevailed in his suit against Great Dane in no way precludes him from receiving attorney's fees in this case. Indeed, the very import of *Garland* is that a plaintiff need only prevail on one significant issue to qualify as a prevailing party under 42 U.S.C. § 1988. *Garland*, 489 U.S. at 789, 109 S.Ct. at 1492. A plaintiff may be said to have prevailed if the relief granted altered his or her legal relationship with the defendant. Our discussion in Section II.C, *supra*, reveals that the relief afforded Ruffin

materially altered his relationship with Great Dane. Thus, the fact that Ruffin obtained relief on no other issue is irrelevant.[3]

### E. The Prospective Nature of the Remedy

■ Appellee further argues that because the court did not order Great Dane to initiate any further action with respect to the specific incidents of racial harassment out of which Ruffin's lawsuit arose, such as the 1987 noose incident, the plaintiff was not the prevailing party for purposes of 42 U.S.C. § 1988. This argument implies that the prospective nature of the relief obtained by the plaintiff makes such relief an inadequate predicate for the award of attorney's fees, and, in essence, suggests that as a general matter injunctive relief, which is by its very nature prospective, could not provide an adequate basis for an attorney's fees award under 42 U.S.C. § 1988.

Appellee's contention, of course, is patently wrong. In *Crowder v. Housing Authority of the City of Atlanta*, 908 F.2d 843 (11th Cir.1990), for example, this court approved an award of attorney's fees to a group of senior citizens who had successfully sought an injunction that would allow them to hold Bible study meetings and to post notices of such meetings in their public housing complex. The court issued the requested injunction, which "put into place specific detailed procedures that guaran-

teed the plaintiffs access to meeting space and bulletin board access." *Crowder*, 908 F.2d at 849.

■ Although the relief in this case does not reach the level of specificity reached by the injunction issued in *Crowder*, in both cases the court used its injunctive powers to address situations which had previously resulted in violations of the plaintiffs' rights, and to mandate the implementation of procedures that would ensure against the recurrence of such violations. The fact that, as in *Crowder*, specific instances of misconduct by the defendants were not addressed by the court's injunction is of no moment.[4] Where, as here, injunctive relief is requested by a plaintiff and granted by the district court, the accompanying failure of the court to provide retrospective relief in the form of compensatory damages does not negate the court's use of its authority to mandate Great Dane's increased attention and improved responses to jobsite racism, and to provide Ruffin with a remedy in the event increased vigilance is not forthcoming. *See also Sanchez v. City of Miami Beach*, 720 F.Supp. 974 (S.D.Fla.1989) (Title VII plaintiff entitled to attorney's fees after having been granted injunctive relief on her claims of sexual harassment).

### F. The Need For a Remedy

Finally, appellee suggests that because the district court found that Great Dane had taken some corrective action to improve the racial situation at Ruffin's job-

---

**3.** Both parties analogize this case to one in which the plaintiff received nominal damages and nothing else out of his or her civil rights action. Several circuits, including this one, have held that an award of nominal damages, without more, suffices as a basis for an award of attorney's fees under 42 U.S.C. § 1988. *Garner v. Wal–Mart Stores, Inc.*, 807 F.2d 1536, 1539–40 (11th Cir.1987); *Scofield v. City of Hillsborough*, 862 F.2d 759, 766 (9th Cir.1988); *Ruggiero v. Krzeminski*, 928 F.2d 558, 564 (2d Cir. 1991); *Allen v. Higgins*, 902 F.2d 682, 684 (8th Cir.1990). The Fifth Circuit, however, has held that an award of nominal damages, without more, represents the kind of technical, *de minimis* victory that the Supreme Court in *Garland, Hewitt* and *Rhodes* held should not furnish a basis for attorney's fees. *Estate of Farrar v. Cain*, 941 F.2d 1311, 1313–17 (5th Cir.1991). The Supreme Court recently granted certiorari

in *Farrar*, —— U.S. ——, 112 S.Ct. 1159, 117 L.Ed.2d 407 (1992), and will presumably resolve this issue in the near future. In any event, this case is different in kind from cases involving nominal damages insofar as the district court's action in this case materially altered the legal relationship between Ruffin and Great Dane in a way that an award of nominal damages does not. *See* Section II.C, *supra*. Therefore, regardless of whether or not the Supreme Court ultimately holds nominal damages to provide a sufficient predicate for an attorney's fees award under 42 U.S.C. § 1988, the district court erred in denying Ruffin attorney's fees in this case.

**4.** It should be noted that the plaintiffs in *Crowder*, like Ruffin, unsuccessfully sought monetary damages for the defendant's violation of their rights.

site, the court's injunction does not materially alter the existing legal relations between Ruffin and Great Dane, and therefore cannot serve as the basis for an award of attorney's fees. This argument is also without merit.

■ An injunction is inappropriate if the possibility of future harm to the plaintiff arising out of the behavior plaintiff seeks to enjoin is purely speculative. *Lopez v. Garriga*, 917 F.2d 63, 67 (1st Cir.1990). The district court saw fit to issue an injunction against Great Dane because Great Dane had failed to correct adequately the situation which led to violations of Ruffin's rights. The court's decision to issue its injunction reflected its belief that the possibility of future violations of plaintiff's rights—and the rights of other blacks employed by Great Dane—existed, and served to ensure the lack of recurring violations.

Appellee does not challenge the award of injunctive relief, nor does it suggest that the court's finding that Great Dane has failed to address adequately the problem of jobsite racism is clearly erroneous. Given the district court's unchallenged findings, we cannot hold that the court's injunction did not materially alter the relationship between Ruffin and Great Dane because Great Dane had already acted to effectuate this changing relationship. To do so would strip the district court's action of any meaning whatsoever, and would negate the court's determination that Great Dane had not adequately corrected the situation that resulted in a violation of Ruffin's rights.

## IV. CONCLUSION

For the foregoing reasons, we conclude that the district court abused its discretion in determining that Ruffin was not a prevailing party under 42 U.S.C. § 1988. Accordingly, we REVERSE and REMAND this case to the district court with instructions to hold an evidentiary hearing on plaintiffs' entitlement to attorney's fees.