United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1698
_____

Richard Ray Layton;   Billy R. Penny,     *
                                          *
        Appellants,                              *
                                          *     Appeal from the United
States
     v.                                   *     District Court for the
                                          *     Western District of
                                                Arkansas
Ted Elder, as County Judge                *
of Montgomery County, Arkansas,           *
                                          *
            Appellee.                             *

_____

        Submitted:  November 20, 1997

         Filed:  May 6, 1998
_____

Before RICHARD S. ARNOLD,[1] Chief Judge, McMILLIAN, Circuit Judge, and
      STEVENS,[2] District Judge.
_____

STEVENS, District Judge.

---

[1] The Hon. Richard S. Arnold stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on April 17, 1998.  He has been succeeded by the Hon. Pasco M. Bowman II.

[2] The Hon. Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

Richard Ray Layton and Billy R. Penny brought this action against Ted Elder, as County Judge of Montgomery County, Arkansas, alleging that the county discriminated against them in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131-12134 ("ADA") and section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 ("section 504").[3]  Appellants sought declaratory and injunctive relief to remedy alleged ADA and section 504 violations at the Montgomery County Courthouse. Following a bench trial, the district court denied appellants' request for relief as well as their application for attorneys' fees.  Layton and Penny appeal and we reverse.

I.  BACKGROUND

Appellants are disabled veterans.  Richard Ray Layton is a quadriplegic and confined to a wheelchair.  Billy R. Penny suffers from the conditions of ankylosing spondylitis, psoriatic arthritis, and psoriasis; due to his conditions, Penny frequently uses crutches and  occasionally uses a wheelchair.  Appellants allege that the county discriminates against them by offering programs and services which are inaccessible to the disabled in violation of the ADA and section 504.  In particular, appellants complain that the programs and services offered in the county courthouse are inaccessible.

The district court held a bench trial and thereafter made findings of fact.  We recount those findings necessary to our review here.  The court found: On occasion, non-authorized vehicles are parked in the Montgomery County Courthouse handicapped parking spaces.  At the time appellants' lawsuit was filed, the two flights

---

[3] Appellants sue Ted Elder, as County Judge of Montgomery County, Arkansas.  The district court construed this as an action against the county pursuant to Kentucky v. Graham, 473 U.S. 159 (1985).  We find no error in the court's ruling on this issue.

of steps leading up to the courthouse were narrow, the wheelchair ramp was too steep, and the courthouse restrooms were not adequate to accommodate a wheelchair.[4]  On August 14, 1995, appellant Layton wished to attend a meeting of the Montgomery County Quorum Court conducted at the county courthouse in order to request that the county pave the road in front of his house.  Judith Layton, appellant's wife, had difficulty locating a handicapped parking space prior to the meeting, and Layton was physically unable to attend the meeting because it was held on the second floor of the building, to which there is no access for the mobility impaired.  In December of 1995, Layton was required to attend court at the county courthouse on a hunting violation citation.  Because there is no wheelchair access to the courtroom on the second floor of the building, the presiding judge conducted court in the first floor hallway to accommodate appellant. Appellant Penny was not denied access to the courthouse.  Neither Layton nor Penny requested accommodation or suggested an alternative site for any Montgomery County services, activities, or programs for which  they were eligible.

After reviewing the evidence presented in this case, the district court concluded that entry of a mandatory injunction was not appropriate. It found that the circumstances surrounding Layton's single exclusion from the Quorum Court meeting were not sufficiently compelling to warrant equitable relief.  The court noted that there was no evidence that Layton alerted the county that he intended to attend the Quorum Court meeting or ever requested accommodation for his attendance.  Furthermore, the court found that there was no evidence that the accommodation provided to Layton when he appeared in court on his hunting violation was inadequate.  Lastly, the court noted that the county had made dutiful progress to remedy the asserted violations by: 1) adopting a written policy expressing its intent to comply with the ADA; 2) forming

---

[4] The district court failed to specify in its opinion the basis of its conclusion that the wheelchair ramp was too steep and the courthouse restrooms were not adequate to accommodate a wheelchair.

the requisite oversight Board; 3) developing a grievance procedure; and 4) initiating the removal and/or modification of barriers limiting access to the county facilities and services provided therein. Therefore, the district court concluded that under the totality of the circumstances a mandatory injunction was not required.

The district court also denied appellants' motion for attorneys' fees on the grounds that they could not be considered the "prevailing parties" because they had not obtained a consent decree, a settlement, or an enforceable judgment against the county.

## II. DISCUSSION

As a preliminary matter the court will address appellee's contention that this appeal is moot in light of the improvements made by Montgomery County to upgrade the accessibility of its government services and programs. In order to demonstrate that this appeal is moot by virtue of its voluntary actions, the county must prove that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *See* <u>Comfort Lake Ass'n, Inc. v. Dresel Contracting, Inc.</u>, Nos. 96-3654, 96-3919, 96-4220, 1998 WL 92213, at * 3 (8th Cir. Mar. 5, 1998) (citing <u>United States v. Concentrated Phosphate Export Ass'n</u>, 393 U.S. 199, 203 (1968); <u>United States v. W.T. Grant Co.</u>, 345 U.S. 629, 632 (1953)).

One of appellants' primary complaints in this lawsuit is that the services, programs, and activities, including court proceedings, held on the second floor of the county courthouse are not accessible to citizens with mobility impairments. The steps taken by the county towards ADA compliance, while commendable, have not addressed this problem. Therefore, this appeal clearly cannot be considered moot.

Turning now to the merits of the appeal, we review the district court's decision to deny appellants' request for mandatory injunctive relief for an abuse of discretion. <u>Smith v. Arkansas Dep't of Correction</u>, 103 F.3d 637, 644 (8th Cir. 1996). "An abuse

of discretion occurs if the district court rests its conclusion on clearly erroneous factual findings or if its decision relies on erroneous legal conclusions." International Ass'n of Machinists & Aerospace Workers v. Soo Line R.R., 850 F.2d 368, 374 (8th Cir. 1988) (en banc). Appellants contend that the district court abused its discretion by not ordering mandatory injunctive relief after finding ADA and section 504 violations at the county courthouse.

Title II of the ADA states in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity. 42 U.S.C. § 12132 (1994). Similarly section 504 provides: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a) (1994). The rights, procedures, and enforcement remedies under Title II are the same as under section 504. Pottgen v. Missouri State High Sch. Activities Ass'n, 40 F.3d 926, 930 (8th Cir. 1994). To establish a violation of the Acts, one or more of the appellants must demonstrate: 1) he is a qualified individual with a disability; 2) he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the entity; and 3) that such exclusion, denial of benefits, or other discrimination, was by reason of his disability. *See* Lightbourn v. County of El Paso, Texas, 118 F.3d 421, 428 (5th Cir. 1997); Tyler v. City of Manhattan, 857 F. Supp. 800, 817 (D. Kan. 1994).

The district court found that appellants are qualified individuals with a disability as defined in 42 U.S.C. § 12131(2), that Montgomery County is a public entity as defined in 42 U.S.C. § 12131(1), and that Layton had been excluded from a session of the Montgomery County Quorum Court because of his disability. Therefore, the court concluded that plaintiffs had established a statutory violation. We find no error in the

court's ruling on this issue.  However, the court went on to hold that under the circumstances mandatory injunctive relief was not warranted and, in our view, this is a clearly erroneous legal conclusion.

Once a party has demonstrated actual success on the merits, the court must balance three factors to determine whether injunctive relief is appropriate: (1) the threat of irreparable harm to the movant; (2) the harm to be suffered by the nonmoving party if the injunction is granted; and (3) the public interest at stake.  *See* Fogie v. Thorn Americas, Inc., 95 F.3d 645, 654 (8th Cir. 1996) (citing Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n.12 (1987)).

Appellants have succeeded on the merits of their claim, and they will suffer substantial irreparable harm if the programs, services, and activities held in the Montgomery County Courthouse are not made accessible as required under the statutes.  Furthermore, public interest strongly favors mandating accessibility.  When these factors are balanced against the harm to the county of making its programs, services, and activities accessible the balance tips heavily in favor of granting appellants the relief they request.[5]  Therefore, it was an abuse of discretion for the court to deny appellants mandatory injunctive relief.

In accordance with this opinion, this case is remanded to the district court for entry of an injunction mandating that the county make each county service, program, and activity, when viewed in its entirety, readily accessible and usable by individuals with disabilities in accordance with 28 C.F.R. § 35.150.  The regulations give public entities substantial latitude in determining how they will comply with the Acts. We emphasize, however, that if the county intends to continue using the county courthouse

---

[5] We note that the county does not argue that compliance with 28 C.F.R. § 35.150 would fundamentally alter the nature of a service, program, or activity of the county or would result in undue financial and administrative burdens.

to provide services, programs, and activities, it must make the parking accommodations and the building accessible to individuals with disabilities in accordance with 28 C.F.R. § 35.151.

Because appellants have succeeded on the merits of their discrimination claim they are the prevailing parties and are entitled to an award of attorneys' fees. *See* Pedigo v. P.A.M. Transp., Inc., 98 F.3d 396, 397-98 (8th Cir. 1996). On remand the district court shall determine the amount of fees to which appellants are entitled and enter an order awarding them the same.

III. CONCLUSION

For the foregoing reasons, the decision of the district court is reversed and the case remanded for further proceedings consistent with this opinion.


A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.