PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
09/30/99
THOMAS K. KAHN
CLERK

_____

No. 98-4259

_____

D. C. Docket No. 95-6530-Cv-JAG

WILLIAM V. BARNES,

Plaintiff-Appellant,

versus

BROWARD COUNTY SHERIFF'S OFFICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 30, 1999)**

Before BIRCH and CARNES, Circuit Judges, and MILLS[*], Senior District Judge.

BIRCH, Circuit Judge:

_____

[*]Honorable Richard Mills, Senior U. S. District Judge for the Central District of Illinois, sitting by designation.

This appeal raises the question of whether a plaintiff who seeks and obtains injunctive relief pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201, et seq., is entitled to attorney's fees when that relief does not benefit the plaintiff directly. William V. Barnes appeals the decision of the district court to amend its initial decision to award attorney's fees. For the reasons that follow, we conclude that the district court properly amended its original judgment, thereby denying Barnes' request for attorney's fees under the ADA.

## I. BACKGROUND

Barnes filed this action against Ron Cochran, Sheriff of Broward County, Florida ("the County"), alleging that the County had refused to hire him for a position as detention deputy due to a perceived disability and due to his age, in violation of the ADA and the Age Discrimination in Employment Act, 29 U.S.C. § 421 ("ADEA"). Barnes sought compensatory relief with respect to both the ADA and ADEA claims. In addition, Barnes sought injunctive relief under the ADA to prohibit the County from maintaining its practice of conducting pre-employment psychological examinations, to which he had been subjected as part of the job application process.

The district court granted summary judgment in favor of the County on Barnes' discrimination claims. Specifically, the court found that Barnes had "barely satisfied

2

the burden of proving his prima facie case" of discrimination under the ADA and, even assuming he had satisfied this burden, nonetheless had failed to proffer sufficient evidence to give rise to a reasonable inference that the County's stated legitimate reasons for not hiring Barnes were pretextual. See R2-29 at 8. The court further determined that Barnes had failed to present "even a scintilla of evidence in his favor" with respect to the ADEA claim. Id. With regard to Barnes' challenge to the County's use of pre-employment psychological testing, however, the court concluded that the particular examination process employed by the County was impermissible under the ADA. Consistent with this determination, the court granted summary judgment in favor of Barnes on this claim and permanently enjoined the County from continuing the practice of conducting pre-employment psychological or physical medical evaluations. See id. at 15-16.

Both the County and Barnes subsequently moved for attorney's fees. In its initial order, the district court found that (1) because Barnes' institution of the ADEA claim was "without foundation," R2-50 at 5, the County was entitled to attorney's fees on this claim, and (2) because the court had enjoined the County from further use of pre-employment psychological testing as a result of Barnes' lawsuit, Barnes had effectively prevailed on a significant issue and, therefore, also was entitled to attorney's fees. See id. at 4.

3

Both parties moved to amend the judgment. In response to these motions, the district court concluded that it had erred both in characterizing Barnes as a prevailing party and in awarding him attorney's fees as a result of the injunctive relief ordered at the conclusion of the litigation. The court thus vacated its earlier judgment to the extent that it granted Barnes attorney's fees, and denied Barnes' motion to amend the judgment as to the ADEA claim. See R2-59 at 3.

## II. DISCUSSION

We review the district court's decision to alter or amend a judgment regarding attorney's fees for abuse of discretion. Taylor v. City of Fort Lauderdale, 810 F.2d 1551, 1556 (11th Cir. 1987). To the extent that the district court's conclusion implicates a question of law, we review de novo. See Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Engineers, 87 F.3d 1242, 1246 (11th Cir. 1996).

In Hewitt v. Helms, 482 U.S. 755, 107 S. Ct. 2672, 96 L. Ed. 2d 654 (1987), a case involving the plaintiff's entitlement to attorney's fees under 42 U.S.C. § 1988[1], the Supreme Court expressly noted that

---

[1]While this case involves the "prevailing party" standard under the ADA, the Court has noted that its analysis of the "prevailing party" standard under section 1988 is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley v. Eckerhart, 461 U.S. 424, 433 n.7, 103 S. Ct. 1933, 1939 n.7, 76 L. Ed. 2d 40 (1983).

4

> [t]he real value of the judicial pronouncement – what makes it a proper judicial resolution of a "case or controversy" rather than an advisory opinion – is in the settling of some dispute <u>which affects the behavior of the defendant towards the plaintiff</u>.

<u>Id.</u> at 761, 107 S. Ct. at 2676 (emphasis in original). <u>Hewitt</u> concerned a claim brought by a prison inmate pursuant to 42 U.S.C. § 1983. The inmate, Helms, alleged that his administrative segregation and subsequent conviction for participating in a prison riot violated his right to due process. Although the Court of Appeals determined that Helms' conviction constituted a violation of due process, the district court, on remand, found that the defendants were entitled to qualified immunity. The Supreme Court concluded that, notwithstanding the earlier finding that Helms' constitutional right had been violated, this "moral satisfaction,"[2] <u>id.</u> at 762, 107 S. Ct. at 2676, without more, was not sufficient to confer on the plaintiff prevailing party status. Noting that, during the pendency of Helms' lawsuit, Helms was released from prison and, at the same time, the state Bureau of Corrections revised its inmate disciplinary proceedings, the Court observed:

> When [the Bureau of Prison's regulation] was amended, Helms had long since been released from prison. Although

---

[2]We recognize that, unlike the plaintiff in <u>Hewitt</u>, the court in this case granted a portion of the relief Barnes' sought in his complaint – that is, an injunction barring the County from continuing its use of psychological examinations. As we discuss further below, however, the Supreme Court has suggested in broad terms that a plaintiff's "success" in a lawsuit may not, in all instances, render him a prevailing party for purposes of an attorney's fee award.

> he has subsequently been returned to prison, and is presumably now benefitting from the new procedures . . ., that fortuity can hardly render him, retroactively, a "prevailing party" in this lawsuit, even though he was not such when the final judgment entered.

Id. at 763-64, 107 S. Ct. at 2677.

In Rhodes v. Stewart, 488 U.S. 1, 109 S. Ct. 202, 102 L. Ed. 2d 1 (1988), the Supreme Court applied the reasoning of Hewitt in the context of prison inmates suing under section 1983 for prison officials' refusal to allow them to subscribe to certain magazines. The Court acknowledged that, subsequent to the inmates' initiation of their lawsuit, judgment was entered for the inmates and the prison modified its magazine-subscription policy, but concluded that the plaintiffs nonetheless were not entitled to attorney's fees. In reaching this determination, the Court observed that "[a] modification of prison policies on magazine subscriptions could not in any way have benefitted either plaintiff, one of whom was dead and the other released before the District Court entered its order." Id. at 488, 109 S. Ct. at 203.

More recently, in Farrar v. Hobby, 506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992), the Court synthesized its jurisprudence regarding a prevailing plaintiff's entitlement to attorney's fees under the fee-shifting provisions of civil rights legislation and stated:

> Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. Otherwise

6

the judgment or settlement cannot be said to affect the behavior of the defendant toward the plaintiff. Only under these circumstances can civil rights litigation effect "the material alteration of the legal relationship of the parties" and thereby transform the plaintiff into a prevailing party. In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

Farrar, 506 U.S. at 111, 113 S. Ct. at 573 (citations and internal quotation marks omitted).

Our review of the foregoing decisional law convinces us that we are bound, in this instance, to conclude that Barnes is not entitled to attorney's fees. Despite the fact that the court granted injunctive relief with respect to the County's use of pre-employment psychological testing, there is neither evidence that this change in policy affected the relationship between Barnes and the County at the time judgment was rendered, nor any indication that Barnes directly benefitted from the injunction. As alluded to by the Supreme Court in Hewitt, the fact that Barnes conceivably could benefit from the court's order prohibiting the referenced examinations if he ever chose in the future to re-apply to the Sheriff's office for a job is not adequate to render him

a prevailing party with respect to <u>this</u> litigation.[3]  <u>See</u> <u>Hewitt</u>, 482 at 763-64, 107 S.

Ct. at 2677.

It is worth adding that we do not share Barnes' interpretation of decisional law

from this and other circuits, cited for the proposition that courts frequently do not

consider as significant or dispositive, for purposes of assessing a plaintiff's entitlement

to attorney's fees, whether that plaintiff has received a direct legal or equitable benefit

as a result of the litigation.  Although Barnes is correct that these decisions do not

expressly describe or discuss the plaintiff's legal relationship to the defendant at the

conclusion of the litigation, the facts in each case indicate that such a discussion was

unnecessary because the applicable court-ordered relief unambiguously and personally

affected the plaintiff.  <u>See, e.g.</u>, <u>LeBlanc-Sternberg v. Fletcher</u>, 143 F.3d 748, 759 (2nd

Cir. 1998), (where injunctive relief prevented defendants from implementing zoning

---

[3]We do not foreclose the possibility that an employment discrimination plaintiff who receives only injunctive relief may be entitled to attorney's fees where the plaintiff establishes that he continues to have or  is reasonably likely to have some legal relationship to the defendant.  We acknowledge that <u>Hewitt</u> and <u>Rhodes</u> cannot be applied wholesale and without limitation to every civil rights case where attorney's fees are at issue.  Indeed, conferring prevailing party status on the prisoner-plaintiffs in <u>Hewitt</u> and <u>Rhodes</u> would require that the court inappropriately speculate that the plaintiffs were likely, at some point in the future, to return to the particular prison whose policy was modified by virtue of the injunctive relief and, thereby, "benefit" from the fruits of the litigation. In an employment case, however, it may be possible to allege and show -- without requiring any speculation by the court -- that the plaintiff retains a sufficient connection to the defendant that he likely will be affected by the court's judgment.  For example, a plaintiff could demonstrate that he remains eligible and is likely to reapply to the employer after challenging an employment practice. In this case, there is no evidence that Barnes was eligible to re-apply for the deputy position, nor does he allege that he intended to re-apply or would re-apply if the court were to bar the continued use of the psychological examinations.

regulations that would impair the plaintiffs' ability to conduct religious services, plaintiffs – members of the affected religious community – were direct beneficiaries of the defendants' change in conduct.); Layton v. Elder, 143 F.3d 469, 470-73 (8th Cir. 1998), (injunction mandating that the defendant-county make its services and programs accessible to disabled individuals effected a material change in the relationship between the county and the private plaintiffs, two disabled members of the community.); Ensley Branch, N.A.A.C.P. v. Seibels, 31 F.3d 1548 (11th Cir. 1994) (class of plaintiffs comprised of current City employees entitled to attorney's fees based on partial success in eliminating race and gender-conscious personnel decisions regarding City's affirmative action policies.); Ruffin v. Great Dane Trailers, 969 F.2d 989 (11th Cir. 1992) (where court ordered defendant-employer to correct racist conduct at its job-site, fact that plaintiff could "now protect his rights through a civil contempt proceeding in the event that [the defendant's] compliance with the court's injunction is not forthcoming," id. at 993, indicates (in the absence of any language to the contrary) that, at the time court rendered judgment, plaintiff was still employed by defendant.). Contrary to Barnes' suggestion, we believe that in each of these cited cases, the plaintiff or plaintiffs were at least the partial direct beneficiaries of any injunctive relief obtained.

Our determination that, under the circumstances presented in this case, Barnes is not entitled to attorney's fees is not intended to ignore or eviscerate the continuing viability of the "private attorney general" cause of action, whereby a plaintiff – or class of plaintiffs – vindicates a constitutional or statutorily-prescribed right by bringing a civil rights lawsuit and, as a result of that lawsuit, causes a modification of the defendant's behavior or policies. Indeed, the Supreme Court has expressly noted the importance of this particular means of enforcing civil rights legislation. See, e.g., Texas State Teachers v. Garland Indep. School Dist., 489 U.S. 782, 793 109 S. Ct. 1486, 1494, 103 L. Ed. 2d 866 (1989) ("Petitioners here obtained a judgment vindicating the First Amendment rights of public employees in the workplace. . . . Petitioners have thus served the 'private attorney general' role which Congress meant to promote in enacting § 1988."). As previously stated, however, the Court's application of its general guiding principles regarding the outer limits of prevailing party status consistently has evinced a requirement that, to be considered a prevailing party, a plaintiff must obtain some benefit from the defendant at the time the litigation ceases.

## III. CONCLUSION

In this appeal, Barnes asks that we set aside the district court's judgment amending its original decision to grant Barnes' request for attorney's fees. Based on our review of binding Supreme Court precedent, we conclude that an ADA plaintiff who obtains injunctive relief that does not directly benefit him at the time court-ordered relief is imposed does not constitute a prevailing party for purposes of the applicable fee-shifting provision. We therefore determine that the district court properly altered its initial order awarding Barnes' attorney's fees. Accordingly, we AFFIRM.