[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 6, 2007
THOMAS K. KAHN
CLERK

No. 06-14728
Non-Argument Calendar

_____

D. C. Docket No. 97-03485-CV-CAP-1

PARAMIJIT S. VIRDI,
and all others similarly situated doing
business as Virdi Architects & Associates,

Plaintiff-Appellant,

versus

DEKALB COUNTY SCHOOL DISTRICT,
JAMES R. HALLFORD, individually and in
his official capacity as Superintendent,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 6, 2007)

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

This civil rights suit is before us for the third time, now on a motion for attorney's fees and nominal damages. Virdi is an architect and an Asian-American of Indian descent. He sued the defendants under 42 U.S.C. §§ 1981 and 1983, making two basic claims. First, he alleged that they discriminated against him on the basis of race when awarding architectural contracts. Second, he alleged that the defendants operated a Minority Vendor Involvement Program ("MVP") that constituted a facially unconstitutional system of racial preferences.

After an initial, partially successful appeal to this court, the district court granted summary judgment to the defendants on the facial claim and, after a trial, granted judgment as a matter of law to the defendants on the intentional discrimination claim. On appeal, we affirmed the order granting judgment as a matter of law on the intentional discrimination claim. Virdi v. Dekalb County Sch. Dist., 135 Fed. Appx. 262, 268 (11th Cir. 2005). However, we reversed the order granting partial summary judgment on the facial claim, holding that the MVP failed strict scrutiny because it was not narrowly tailored. Id. at 267.

On remand, the district court considered the issues of attorney's fees and nominal damages. It determined that Virdi was not a prevailing party within the meaning of 42 U.S.C. § 1988(b), and was therefore not entitled to attorney's fees. The court also determined that Virdi's constitutional rights had not been violated,

2

so he was not entitled to nominal damages.  Virdi now challenges both rulings on appeal.

I.

In certain civil rights actions, including suits under 42 U.S.C. §§ 1981 and 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  As a threshold matter, a plaintiff must show that it was a prevailing party before the district court has discretion to award attorney's fees.  Farrar v. Hobby, 506 U.S. 103, 109, 113 S. Ct. 566, 572 (1992).  In Farrar, the Supreme Court set out the test for determining whether a party is "prevailing" within the meaning of the statute.  "Under our generous formulation of the term, plaintiffs may be considered prevailing parties for attorney's fee purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  Farrar, 506 U.S. at 109, 113 S. Ct. at 572 (internal quotation marks omitted).

The Court recognized that two conditions must exist before this standard is met.  In the first place, "a civil rights plaintiff must obtain at least some relief on the merits of his claim."  Id. at 111, 113 S. Ct. at 573.  Second, "[w]hatever relief

3

the plaintiff secures must directly benefit him at the time of the judgment or settlement." Id. In sum, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Id.

The Court in Farrar acknowledged that not every technical victory in a lawsuit is sufficient to confer prevailing party status on a civil rights plaintiff. For example, plaintiffs are not considered "prevailing" if they succeed only in invalidating a regulation that the defendants had never applied or threatened to apply to them. Farrar, 506 U.S. at 113, 113 S. Ct. at 574 (citing Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792, 109 S. Ct. 1486, 1493 (1989)). We noted another situation where a plaintiff lacks prevailing party status in Barnes v. Broward County Sheriff's Office, 190 F.3d 1274 (11th Cir. 1999). There the plaintiff succeeded only in securing an injunction against a pre-offer medical test that the district court determined violated the ADA. We noted that "there is no evidence that [plaintiff] was eligible to re-apply for the deputy position, nor does he allege that he intended to re-apply or would re-apply if the court were to bar the continued use of the psychological examinations." Id. at 1278 n.3. Because there was no evidence to show that the plaintiff "directly benefitted" from the injunction, or that "this change in policy affected the

4

relationship" between the plaintiff and the defendant, the Farrar test was not satisfied. Id. at 1278. The fact that the plaintiff "conceivably could benefit" were he to apply for the job in the future was not enough to support prevailing party status. Id.

Despite the exceptions to the general rule contained in Garland and Barnes, the test for prevailing party status under Farrar is a permissive one. The Supreme Court in Garland rejected a test that required the plaintiff to win on the "central issue" in the lawsuit, in part because "[b]y focusing on the subjective importance of an issue to the litigants, it asks a question which is almost impossible to answer." 489 U.S. 791, 109 S. Ct. 1493. Instead, the plaintiff must simply succeed on some issue that materially alters the legal relationship between it and the defendant. "Where such a change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award. . . not to the availability of a fee award vel non." Id. at 793, 109 S. Ct. 1494. Accord Farrar, 506 U.S. at 114, 113 S. Ct. at 574.

The district court in this case applied our decision in Barnes to hold that Virdi was not a prevailing party and thus had no entitlement to attorney's fees. Despite the order enjoining the MVP program, it found that the legal relationship between Virdi and the defendants had not changed, nor had Virdi directly

benefitted.  Citing Barnes, the court noted that a plaintiff is not prevailing if it only "conceivably" could benefit from the changed legal relationship between it and the defendant.  The court then held that Virdi could only conceivably benefit from the injunction, since he might not necessarily apply for another contract at some point in the future.  The court recognized that Virdi had filed an affidavit expressing an intention to apply for contracts in the future, but found that it was untimely and, regardless, only showed a conceivable benefit since there was no assurance that he would so apply.

"We review the factual findings underlying a district court's determination regarding 'prevailing party' status for clear error." Church of Scientology Flag Serv. v. City of Clearwater, 2 F.3d 1509, 1512 (11th Cir. 1993).  "Whether the facts as found suffice to render the plaintiff a 'prevailing party' is a legal question reviewed de novo." Id. at 1513. Whether the legal relationship between Virdi and the defendants changed, and whether Virdi directly benefitted from the injunction, are legal questions, so we apply de novo review.

We find that Virdi was a prevailing party because he obtained relief on the merits of a claim that materially altered the legal relationship between him and the defendants and produced a direct benefit.  Virdi challenged a program that gave a preference to African-American firms applying for architectural contracts with the

6

defendants. We held that program unconstitutional. Virdi now no longer faces the obstacle of the unconstitutional preference. Should he bid for contracts with the defendants in the future, he will be considered on a level playing field. He remains in business, is eligible to apply, and has expressed an intention to apply. Virdi has therefore directly benefitted from the injunction, which obviously changed the legal relationship between him and the defendants by prohibiting the defendants, under penalty of contempt, from applying an unconstitutional racial preference to Virdi's bids.

Moreover, Virdi received this benefit at the time the injunction was entered, as required by Farrar. See Farrar, 506 U.S. at 111, 113 S. Ct. at 573. After the injunction issued, he was able to apply for contracts without facing the disadvantage caused by the racial preference. We have repeatedly held that plaintiffs who secure injunctions against various forms of discrimination are prevailing parties under section 1988(b). See, e.g., Ensley Branch, NAACP v. Seibels, 31 F.3d 1548, 1583 (11th Cir. 1994); Ruffin v. Great Dane Trailers, 969 F.2d 989, 993 (11th Cir. 1992). Virdi was likewise a prevailing party.

Our decision in Barnes is not to the contrary. In that case, we were careful to note that we did not "foreclose the possibility that an employment discrimination plaintiff who receives only injunctive relief may be entitled to

7

attorney's fees where the plaintiff establishes that he continues to have or is reasonably likely to have some legal relationship to the defendant." Barnes, 190 F.3d at 1278 n.3. Barnes, however, had not shown that he was reasonably likely to have some continuing relationship with the defendant because there was "no evidence that Barnes was eligible to re-apply for the deputy position, nor [did] he allege that he intended to re-apply or would re-apply if the court were to bar the continued use of the psychological examinations." Id.

Even assuming that, as the district court believed, Virdi's affidavit expressing an intention to apply for contracts in the future was not timely filed, evidence already in the record showed that he was reasonably likely to have some continuing relationship with the defendant. It is undisputed that he remains a qualified, eligible, working architect in the district who has applied for contracts with the city on numerous prior occasions, and who pursued a lengthy lawsuit that eventually secured injunctive relief to eliminate an unconstitutional barrier to having his bids accepted. Unlike in Barnes, where we found it impossible even to infer that the plaintiff would apply for a particular police job again, here it is easy to infer from facts in the record that Virdi is reasonably likely to apply for future contracts with the district. The worry in Barnes about a merely hypothetical benefit is simply not present.

The nature of the relief Virdi secured also argues in favor of granting him prevailing party status. An injunction is not lightly entered. To have Article III standing to pursue injunctive relief, even against violations of the Constitution, a plaintiff must have more than a merely hypothetical grievance: he or she must have an injury in fact that is capable of being redressed by the injunction. Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S. Ct. 1660, 1665 (1983). Past wrongs are insufficient to show an entitlement to an injunction against future wrongs. Id. Moreover, standing is a jurisdictional bar. Id. To have standing to challenge a program like the one in this case, a plaintiff must "demonstrate that it is able and ready to bid on contracts and that a discriminatory policy prevents it from doing so on an equal basis." Northeastern Fla. Chapter of Associated Gen. Contrs. of Am. v. City of Jacksonville, 508 U.S. 656, 666, 113 S. Ct. 2297, 2303 (1993). Therefore, for Virdi to have standing to pursue injunctive relief, he necessarily had to show that he was ready and able to bid on contracts, which means that he was directly benefitted when he successfully obtained the injunction that leveled the playing field. A contrary position would require us to believe that the court lacked subject matter jurisdiction when it entered the injunction. We do not believe that was the case.

Obtaining an injunction is thus strong evidence showing that a plaintiff was

a prevailing party for purposes of section 1988. We have previously noted that obtaining an injunction is a victory "different in kind" from a victory that obtains only nominal damages. Ruffin, 969 F.2d at 994 n.3. This is because nominal damages do not require a showing of actual injury while "[a]n injunction is inappropriate if the possibility of future harm to the plaintiff arising out of the behavior plaintiff seeks to enjoin is purely speculative." Id. at 995. Yet the Supreme Court in Farrar held that a person who obtains only nominal damages, which do not require a showing of actual injury, is always a prevailing party within the meaning of section 1988. Farrar, 506 U.S. at 112, 113 S. Ct. at 573. A person who obtains an injunction, which does require a showing of injury in fact, should thus ordinarily be entitled to prevailing party status as a matter of course.

Our decision in Barnes, where the plaintiff did obtain an injunction, is a rare counterexample to this general rule, where there was no record evidence of a future likelihood of direct benefit. In Virdi's case, where the plaintiff has properly obtained an injunction and where there is clear record evidence supporting a reasonable likelihood of a future relationship with the defendant, it is inappropriate for a district court to deny prevailing status by speculating about whether the plaintiff is certain to take advantage of the changed legal landscape. The plaintiff clearly need not show, to a mortal certainty, that he will definitely

10

apply for a contract in the future. Barnes only requires him to show that he is reasonably likely to apply in the future. Virdi has made that showing.

The appellees' other objections to prevailing party status are less substantial. The fact that Virdi did not obtain a contract with the defendants as a result of this litigation is immaterial. The injury caused by unconstitutional racial discrimination is not the inability to procure a particular contract, but rather the barrier set up by the illicit condition. "[I]n the context of a challenge to a set-aside program, the 'injury in fact' is the inability to compete on an equal footing in the bidding process, not the loss of a contract." Northeastern Fla. Chapter of the Association of Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 666, 113 S. Ct. 2297, 2303 (1993). After Virdi secured the injunction, he no longer faced this unconstitutional barrier. He forced the defendants to change position in a way that directly benefitted him, and was therefore a "prevailing party" on that issue.

The appellees also allege that the unconstitutional program did not operate for a number of years before the injunction was entered, meaning that the injunction did not confer any real benefit on Virdi. This argument is without merit. No court ever held that the controversy between Virdi and the defendants was moot. The defendants' claim is also belied by their vigorous defense of the

11

lawsuit and their failure to concede that the program was facially unconstitutional. Moreover, even if the program had been temporarily discontinued, Virdi achieved a benefit through obtaining the injunction, by ensuring that the program is now permanently discontinued.

The appellees finally argue that Virdi is not a prevailing party because he did not accomplish what he set out to do. That, according to the appellees, was to prove that the defendants intentionally discriminated against him. This argument is simply false: from the beginning, Virdi also set out to show that the program was facially unconstitutional. It is also entirely irrelevant what Virdi's central concern was. The Supreme Court in Garland rejected the central issue test for prevailing party status that was formerly applied in this circuit. "[T]he very import of Garland is that a plaintiff need only prevail on one significant issue to qualify as a prevailing party. . . Thus, the fact that [defendant] obtained relief on no other issue is irrelevant." Ruffin, 969 F.2d at 993-4. The fact that Virdi prevailed in one material respect is sufficient to show that he was a prevailing party.

On remand, it remains for the district court to determine the proper amount of attorney's fees to be awarded in this case. "The amount of the fee. . . must be determined on the facts of each case." Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937 (1983). We therefore express no opinion on the amount of

12

attorney's fees to which Virdi may be entitled, but hold only that he has demonstrated prevailing party status.

II.

The district court also found that Virdi was not entitled to nominal damages. It construed our opinion as holding that the defendants did not violate Virdi's constitutional rights. We disagree. In our prior opinion, we held that Virdi's intentional discrimination claim was without merit. Virdi v. Dekalb County Sch. Dist., 135 Fed. Appx. 262, 269 (11th Cir. 2005). But we also held that the system of racial preferences was facially unconstitutional. Id. at 268. We never said that Virdi had not suffered a constitutional violation. Implicitly, we said the opposite: Virdi had suffered a constitutional violation by being subject to an unconstitutional program of racial preferences in the past and by facing a reasonable likelihood of being subject to the program in the future. If it had been otherwise, Virdi would have had no standing, because people with generalized or hypothetical grievances against unconstitutional programs do not have standing to pursue injunctive relief in federal court. Lyons, 461 U.S. at 101, 103 S. Ct. at 1665.

The fact that Virdi suffered a constitutional violation means that he is

13

entitled to an award of nominal damages. "We have held unambiguously that a plaintiff whose constitutional rights are violated is entitled to nominal damages even if he suffered no compensable injury." Slicker v. Jackson, 215 F.3d 1225, 1231-2 (11th Cir. 2000) (in context of Fourth Amendment violation). See also Carey v. Piphus, 435 U.S. 247, 267, 98 S. Ct. 1042, 1054 (1978) (holding plaintiff entitled to nominal damages where shows procedural due process violation but no actual injury); Familias Unidas v. Briscoe, 619 F.2d 391, 402 (5th Cir. 1980) (awarding nominal damages for First Amendment violation);[1] Hodge v. Seiler, 558 F.2d 284, 288 (5th Cir. 1977) (awarding nominal damages to plaintiff subjected to unconstitutional discrimination who could prove no actual damages). By showing that the MVP program was facially unconstitutional, Virdi became entitled to nominal damages.

Appellees finally argue that Virdi waived his entitlement to nominal damages. It is true that we have held, in the Eighth Amendment context, that a plaintiff waives a claim for nominal damages by failing to request a nominal damages jury instruction. Oliver v. Falla, 258 F.3d 1277, 1282 (11th Cir. 2001). This principle is not applicable here, however, because Virdi's claim of facial

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

unconstitutionality never went to trial. The district court granted summary judgment to the defendants prior to trial on the facial constitutionality issue. We then reversed the district court after trial and judgment as a matter of law on the intentional discrimination claim. Virdi never had a need or an opportunity to request jury instructions on nominal damages for the facial unconstitutionality claim. In his complaint, Virdi requested monetary damages, so he did not waive any entitlement to nominal damages.

Virdi's nominal damages provide another reason why it was error for the district court to conclude that Virdi was not a prevailing party. The Supreme Court has explicitly held that nominal damages on a claim are sufficient to support prevailing party status. Farrar, 506 U.S. at 112, 113 S. Ct. at 573. Because Virdi succeeded on a significant issue that materially changed the legal relationship between him and the defendants, in the form of the injunction and in the form of nominal damages, he was a prevailing party. It remains for the district court to determine the appropriate amount of nominal damages and attorney's fees to be awarded in this case.

**REVERSED AND REMANDED.**