# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2200

_____

Felix D. Taylor,                                    *
                                                    *
          Appellant,                                *
                                                    *
                                                    *   Appeal from the United States
     v.                                             *   District Court for the Eastern
                                                    *   District of Arkansas.
John Selig, Director, Arkansas                      *
Department of Human Services;                       *
Krista Hughes, Director, Division                   *   [UNPUBLISHED]
of Aging and Adult Services; Sara                   *
Freeman, RN, Individually and in                    *
her Official Capacity as Director of                *
Nursing Services Division of                        *
Aging and Adult Services Alternative                *
Wavier Program; Shonta Ellison,                     *
RN, Individually and in her Official                *
Capacity as an RN, Division of Aging                *
and Adult Services Alternative                      *
Wavier Program; Superior Senior Care,               *
Inc.; Joseph Pascual; Rita Hurst;                   *
Donna Kelso, Individually and in her                *
Official Capacity as an Employee with               *
Senior Care Inc.; Doe, Stephanie,                   *
Individually and in her Official                    *
Capacity as an Employee with Senior                 *
Care Inc.,                                          *
                                                    *
          Appellees.                                *

_____

Submitted: February 2, 2011
Filed: February 16, 2011
_____

Before MELLOY, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

Felix Taylor appeals from the district court's[1] dismissal of his action relating to the reduction of his Medicaid benefits, and from the court's denial of his post-judgment motion under Federal Rule of Civil Procedure 59(e). Upon careful review, we affirm.

First, we agree with the district court that Taylor failed to state a claim against any of the defendants based upon alleged discrimination in violation of federal law. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (plaintiff must plead factual content that allows court to draw reasonable inference that defendant is liable for conduct alleged; complaint must contain more than unadorned accusation of unlawful harm; threadbare recitals of elements of cause of action, supported by mere conclusory statements, do not suffice to survive motion to dismiss); Layton v. Elder, 143 F.3d 469, 472 (8th Cir. 1998) (setting forth showing required to establish violation of Americans with Disabilities Act or Rehabilitation Act); see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (de novo review of dismissal); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (though liberally construed, pro se complaints must allege sufficient facts to support claims).

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

We also conclude that Taylor failed to state a claim under 42 U.S.C. § 1983 for a violation of his due process rights or his rights under the Medicaid Act. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 & n.10 (1989) (because Eleventh Amendment immunizes states from suit, state officials acting in their official capacities are not "persons" under § 1983 when sued for damages); Nix v. Norman, 879 F.2d 429, 433 (8th Cir. 1989) (to establish official-capacity liability under § 1983, plaintiff must show either that official took action pursuant to unconstitutional policy or custom or that official possessed final authority over subject matter at issue and used authority in unconstitutional manner); Tatum v. State of Iowa, 822 F.2d 808, 810 (8th Cir. 1987) (per curiam) (affirming dismissal for failure to state claim where plaintiff failed to plead how each defendant was responsible for civil rights claim); see also Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005) (dismissal may be affirmed on any basis supported by record).

Finally, we conclude that the district court did not abuse its discretion in dismissing Taylor's state-law claims without prejudice, see Gibson v. Weber, 431 F.3d 339, 342 (8th Cir. 2005) (Congress has unambiguously granted district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state-law claims when all federal claims have been dismissed), or in denying Taylor's post-judgment motion, see United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (district court has broad discretion in determining whether to grant or deny Rule 59(e) motion to alter or amend).

Accordingly, the judgment is affirmed.

_____