**JEFF D., Paul E., John M., and Dusty R., minors individually and on behalf of the class they represent, by and through their next friend, Charles Johnson, and Mark Clary, Intervenor, Plaintiffs-Appellants,**

v.

**John V. EVANS, individually and in his official capacity as Governor of the State of Idaho, et al., Defendants-Appellees.**

No. 83–3839.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 1984.

Decided Sept. 20, 1984.

---

L. Charles Johnson, III, Johnson, Olson & Charetered, Pocatello, Idaho, for plaintiffs-appellants.

James Wickham, Deputy Atty. Gen., Boise, Idaho, for defendants-appellees.

Before SCHROEDER, FARRIS, and RE-INHARDT, Circuit Judges.

SCHROEDER, Circuit Judge.

■ This is an appeal from an order denying attorney's fees in a 42 U.S.C. § 1983 class action to improve conditions of mentally and emotionally handicapped children institutionalized by the State of Idaho. The attorney's fee application followed a settlement agreement in which the defendants agreed to institutional improvements favorable to the interests of the class, but declined to bear any of plaintiffs' attorney's fees. This appeal as to the enforceability of the settlement's provision on attorney's fees is an example of problems that have arisen when class action settlement negotiations have been undertaken in conjunction with negotiation of attorney's fees. The order denying the fees is a final order and we have jurisdiction under 28 U.S.C. § 1291. *Brandenburger v. Thompson*, 494 F.2d 885, 887–88 n. 2 (9th Cir. 1974).

The settlement negotiations in question began some two and one-half years after filing of the suit—after settlement of other claims, extensive discovery and certification of a class of handicapped, institutionalized children. In the merits of the action, the class alleged infringement of constitutional rights and sought compliance with federal and state rehabilitation and education laws.[1] During the negotiations, the defendants offered virtually all of the in-

---

1. Plaintiffs claimed that inadequate care contravenes the due process and equal protection provisions of the fifth and fourteenth amendments as well as the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–796i (1982), the Education for All Handicapped Children Act of 1975, 20 U.S.C. §§ 1400–1461 (1982), the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. §§ 6000–6081 (1982), Article X § 1 of the Idaho Constitution, and certain Idaho education and penal statutes.

junctive relief plaintiffs had sought, and more than the district court during earlier hearings had indicated it was willing to grant. However, defense counsel stated during the negotiations that defendants' agreement was conditioned upon the plaintiffs' counsel's waiver of attorney's fees. Plaintiffs' counsel at that time was employed by a public interest law firm, which had instructed him not to waive fees.

Aware of his ethical obligation to accept this favorable settlement on behalf of his clients, but unhappy with the prospect of forgoing the attorney's fees to which he believed 42 U.S.C. § 1988 entitled him, plaintiffs' counsel negotiated a condition on the waiver of fees: approval by the district court. The district court approved the settlement on the merits and, then, upon plaintiffs' filing of a motion for attorney's fees, denied fees based upon the stipulation.

In this appeal, the defendants do not maintain that there is any basis, apart from the stipulation, for the denial of attorney's fees. Section 1988 of Title 42 authorizes award of attorney's fees to the prevailing parties in civil rights actions of this nature. "[T]he court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (1982).

There is no question that the plaintiffs are prevailing parties by virtue of the settlement, *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980). Nor is there any question that plaintiffs' counsel, under ordinary application of section 1988, is deserving of an award of reasonable attorney's fees. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1937–38, 76 L.Ed.2d 40 (1983) (section 1983 plaintiff entitled to attorney's fees in proportion to success achieved). The defendants' only contention is that the appellants should be bound by the stipulation waiving fees. Defendants point out that although this court has disapproved the practice of simultaneous negotiation of attorney's fees and settlement of the merits of the lawsuit, we have not categorically declared the practice unethi-

cal. *See Mendoza v. United States*, 623 F.2d 1338, 1353 (9th Cir.1980), *cert. denied*, 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981).

Defendants rely upon the general principle that parties, and their lawyers, are bound by their stipulations. *See, e.g., Herman v. Eagle Star Insurance Co.*, 396 F.2d 427 (9th Cir.1968) (court need not examine evidence for reliability if parties have stipulated to it). Defendants correctly assert that plaintiffs' counsel did indicate willingness to forgo fees if the court approved.

 The principle that generally binds lawyers and litigants to stipulations has limited applicability in the present situation, however. The question here is whether the court, in reviewing a class action settlement in a civil rights action, properly approved the waiver of attorney's fees simply because it was part of the settlement to which the parties had agreed. We answer the question in the negative, because the court has a duty to review the reasonableness of all the terms of class action settlement agreements, particularly those related to attorney's fees. *See* Fed.R.Civ.P. 23(e); C. Wright & A. Miller, *Federal Practice and Procedure* §§ 1797, 1803 (1972). Moreover, this general duty in class action settlements is reinforced by the clear public policy of 42 U.S.C. § 1988 to award reasonable attorney's fees in civil rights actions. *See Hensley v. Eckerhart*, 103 S.Ct. at 1937.

Rule 23(e), reflecting the equitable principles in which class actions are rooted, provides that the terms of all class action settlements be approved by the court. "A class action shall not be dismissed or compromised without the approval of the court ...." Fed.R.Civ.P. 23(e). This is to ensure that all members of the class are adequately protected. *See Norman v. McKee*, 431 F.2d 769, 774 (9th Cir.1970), *cert. denied*, 401 U.S. 912, 91 S.Ct. 879, 27 L.Ed.2d 811 (1971); C. Wright & A. Miller, *supra*, at § 1797. In asking the district court and this court to approve a waiver of attorney's fees as a consideration of a set-

tlement solely because it was a term of the settlement, defendants ask the court to disregard the duty imposed by Rule 23. Indeed, plaintiffs' counsel in this case alerted defense counsel to that duty during the negotiations.

Courts have given particular attention to attorney's fees in class actions. Judges long have been concerned with protecting the class representatives who had benefited the entire class but had borne all of the expenses. As a matter of fairness, courts therefore have awarded attorney's fees in class actions under equitable principles, and as an exception to the general rule that attorney's fees are not available in the absence of contract or statute. *See Hall v. Cole,* 412 U.S. 1, 4–5, 93 S.Ct. 1943, 1945–46, 36 L.Ed.2d 702 (1973); *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 391–92, 90 S.Ct. 616, 625, 24 L.Ed.2d 593 (1970); *Sprague v. Ticonic National Bank,* 307 U.S. 161, 166–67, 59 S.Ct. 777, 781, 83 L.Ed. 1184 (1939); C. Wright & A. Miller, *supra,* § 1803.

Similar considerations have prompted courts to award attorney's fees in situations in which a private individual successfully acted as a "private attorney general," to vindicate an important public policy. The Supreme Court so held in *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) (per curiam), and this court so held in *Brandenburger,* 494 F.2d at 888–89. This court and other courts have held that attorney's fees may be awarded whether the plaintiff's lawyer is privately retained counsel or, for example, a salaried employee of a public service organization. *Shadis v. Beal,* 685 F.2d 824, 830–31 (3rd Cir.), *cert. denied,* 459 U.S. 970, 103 S.Ct. 300, 74 L.Ed.2d 282 (1982) (if legal service organizations could not receive fee awards, an important type of private attorneys general would be less willing to pursue public interest cases). *Brandenburger,* 494 F.2d at 889. Courts, accordingly, have long recognized the strong public policy considerations in favor of awarding attorney's fees in suits in which representative parties serve interests broader than their own self interest.

■ These considerations take on greater force in civil rights cases. The Congress expressed approval of attorney's fees awards in such cases when it passed 42 U.S.C. § 1988, in response to *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). In *Alyeska,* the Supreme Court had construed very narrowly federal courts' equitable powers to award attorney's fees in the absence of statutory authorization, 421 U.S. at 269, 95 S.Ct. at 1629 (Brennan, J. & Marshall, J., dissenting). Congress thereupon provided the statutory authorization by enacting the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. *See* S.Rep. No. 1011, 94th Congress, 2nd Sess., *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5909. The Senate report specifically adopted the Supreme Court's pre-*Alyeska* language of *Piggie Park* to underline the important public policy served by attorney's fee awards in civil rights cases. "If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the Federal courts." S.Rep., *supra,* at 5910 (quoting *Piggie Park,* 390 U.S. at 402, 88 S.Ct. at 966). Therefore, a successful section 1983 claimant "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." S.Rep., *supra,* at 5912 (quoting *Piggie Park,* 390 U.S. at 402, 88 S.Ct. at 966). Thus, a district court is normally obliged to award fees to a successful section 1983 plaintiff, *Hensley v. Eckerhart,* 103 S.Ct. at 1937, and successful plaintiffs include those who have negotiated successful settlements. *Maher v. Gagne,* 448 U.S. at 129, 100 S.Ct. at 2575.

There is a special reason for the district court to scrutinize for fairness any provision for attorney's fees in a class action settlement. When attorney's fees are negotiated as part of a class action settlement, a conflict frequently exists between

the class lawyers' interest in compensation and the class members' interest in relief. In the present case, the attorney was asked to choose between forgoing any compensation while obtaining a favorable settlement on behalf of the class, or declining the benefit for the class in hope of eventually receiving a fee award. Plaintiffs' attorney here accepted the benefit for the class and turned to the court for his own protection. In the more common situation, the reverse is true. The attorney negotiates the fee for himself, and members of the class seek court review because of actual or perceived unfairness to them. *See, e.g., Mendoza v. United States*, 623 F.2d at 1352–53. The conflict of interest underlying each situation, however, is similar.

The problem has led to discussion and scholarly debate. *See, e.g.,* Levin, *Practical, Ethical, and Legal Considerations Involved in the Settlement of Cases in which Statutory Attorney's Fees Are Authorized,* 14 Clearinghouse Rev. 515 (1980); Note, *Attorneys' Fees—Conflicts Created by the Simultaneous Negotiation and Settlement of Damages and Statutorily Authorized Attorneys' Fees in a Title VII Class Action,* 51 Temple L.Q. 799 (1978); Comment, *Settlement Offers Conditioned Upon Waiver of Attorneys' Fees: Policy, Legal, and Ethical Considerations,* 131 U.Penn.L.Rev. 793 (1983). One bar association has concluded that simultaneous negotiation of settlement and fees is unethical. New York City Bar Ass'n Comm. on Professional and Judicial Ethics, Formal Op. 80–94, *reprinted in* 36 The Record of the Association of the Bar of the City of New York 507 (1981). The crux of the problem is the possibility of diverging interests of the lawyer and the class. The attorney may be tempted with a generous fee offer as a *quid pro quo* for a less than optimal settlement. Alternatively, the defendant may condition settlement on the attorney's waiver of fees, creating a particularly severe conflict when important interests of class members are at stake.

To avoid this conflict, this circuit has followed the seminal decision of the Third Circuit in *Prandini v. National Tea Company and Amalgamated Food Employees Union Local 590,* 557 F.2d 1015 (3rd Cir. 1977), and has disapproved simultaneous negotiation of settlements and attorney's fees. *Mendoza v. United States,* 623 F.2d at 1352–53. We did not there hold that stipulated attorney's fees in such cases were per se unacceptable. We stated that "we do not believe rejection of a resulting settlement in every case [of simultaneous negotiations] is appropriate." In *Mendoza,* we accepted the simultaneously negotiated stipulation for the payment of fees on a showing of unusual circumstances—which included the United States Department of Justice's participation, as an intervenor representing the public interest, in the negotiations. This minimized the effect of conflict of interest on the settlement.

In this case, there were no such unusual circumstances. Attorney's fees should not have been a part of the settlement of the claims of the class. The historical background of both Rule 23 and section 1988, as well as our experience since their enactment, compel the conclusion that a stipulated waiver of all attorney's fees obtained solely as a condition for obtaining relief for the class should not be accepted by the court. Rather, the court should make its own determination of the fees that are reasonable, giving due consideration to the appropriate factors. *See Hensley v. Eckerhart,* 103 S.Ct. at 1937 n. 3; *Moore v. Jas. H. Matthews & Co.,* 682 F.2d 830, 838 (9th Cir.1982); *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69–70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).

Reversed and remanded for determination of reasonable attorney's fees.