116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George McKENNA, Plaintiffs-Appellee,
and
Shari A. BERGER; Gary SLIPPY; and Candida WRIGHT,
Plaintiffs-Appellants,
v.
SEARS, ROEBUCK AND CO., Defendant-Appellee.
 No. 92-17038.
 United States Court of Appeals, Ninth Circuit.
 June 25, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of California, No. CV-92-02227-RHS-FMS; Robert H. Schnacke and Fern M. Smith, District Judges, Presiding.*
 
 
 2
 BEFORE: CANBY, REINHARDT and LEAVY, Circuit Judges
 
 ORDER
 
 3
 This matter is ordered resubmitted.
 
 
 4
 MEMORANDUM**
 
 
 5
 Shari A. Berger, Gary Slippy, and Candida Wright (the objectors) are members of a class of customers of the Sears Automotive Center who brought this action against Sears, Roebuck & Co. in 1992, alleging that Sears had performed unnecessary automobile repair and service. The objectors appeal the district court's approval of an attorneys' fee award that was part of a settlement agreement negotiated between the class counsel and Sears. The fee was separately negotiated with Sears after negotiation of the class settlement, and the fee was agreed to be paid by Sears.
 
 
 6
 We remanded the matter to the district court for the limited purpose of securing a ruling by the district court as to the reasonableness of the attorneys' fees. The district court determined the fees to be reasonable, and the matter has returned to us for decision. We reject the objectors' challenge and affirm the award.
 
 
 7
 The parties are familiar with the facts of the case, and we will not repeat them here.
 
 
 8
 * The parties sharply contest whether the objectors have standing to contest the fee award. Class counsel contend that, because the fee award was separately negotiated and does not affect the class settlement, the objectors lack standing. This issue is not free from doubt. See, e.g., In re First Capitol Holdings Fin. Prods. Sec. Litig., 33 F.3d 29, 30 (9th Cir.1994) (finding no standing on part of class member when fee award could not affect recovery already obtained by her); In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 820 (3d Cir.), cert. denied, 116 S.Ct. 88 (1995) (class members have standing to challenge separately-negotiated fee agreement because entire award "is, for practical purposes, a constructive common fund").
 
 
 9
 Because the standing issue is complex and the appeal is substantively without merit, we assume, for purposes of decision only, that the objectors have standing. See Clow v. [United States Dep't of] HUD, 948 F.2d 614, 616 n. 2 (9th Cir.1991) (court need not decide complex threshold jurisdictional issue when appeal is clearly without merit).
 
 II
 
 10
 The objectors argue that separately negotiated fee agreements are per se a violation of public policy. They echo the concern we expressed in regard to simultaneously negotiated fee and class settlement agreements in Jeff D. v. Evans, 743 F.2d 648 (9th Cir.1984). There we disapproved the practice because of the possibility that the attorneys "may be tempted by a generous fee offer as a quid pro quo for a less than optimal settlement." Id. at 652. Our decision was reversed, however, by the Supreme Court, which ruled that the "public interest, as well as that of the parties, is served by simultaneous negotiations" of attorneys' fees and substantive liability in class actions, at least where "the parties find such negotiations conducive to settlement." Evans v. Jeff D., 475 U.S. 717, 738 n. 30 (1986). Here, the fee agreement was negotiated after the class settlement, a fact that reduces the danger of an improper quid pro quo detrimental to the class. Because the Supreme Court in Evans held that even contemporaneously-negotiated fee agreements do not violate public policy per se, it follows a fortiorari that a fee agreement negotiated after the class settlement likewise does not.
 
 III
 
 11
 The district court on remand determined that the fee was reasonable as a percentage of a common fund. The district court did not abuse its discretion in so ruling. See Six (6) Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1304 (9th Cir. 1990) (common fund fee award reviewed for abuse of discretion). There was evidence that the value of the settlement to the class was in excess of $25 million, and there was no substantial evidence to the contrary. The fee award of $3 million falls far below the 'benchmark' of 25% of the common fund that we approved in Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989); see also Six (6) Mexican Workers, 904 F.2d at 1311. The magistrate judge found that there was considerable risk involved if the case had gone to trial, that counsel had been effective in negotiating a settlement of vigorously contested issues, that the settlement was unique and benefited the class members in excess of $25 million, and that counsel's efforts had spanned three months of negotiation. The record supports all of these determinations.
 
 
 12
 We reject the contention of the objectors that the district court was required to consider the alternatives of a lodestar and a percentage-of-fund award and explain its reasons for choosing the latter. Our precedent requires no such exercise. In Florida v. Dunne, 915 F.2d 542 (9th Cir. 1990), we recognized a "recent ground swell of support for mandating a percentage-of-the-fund approach in common fund cases," but we declined to adopt a mandatory rule, requiring "only that fee awards in common fund cases be reasonable." Id. at 545 (emphasis added). There is no presumption in favor of either method. In re Washington Public Power Supply Sys. Secs. Litig., 19 F.3d 1291, 1296 (9th Cir. 1994). But in neither Dunne nor Washington Public Power did we require the district court expressly to balance the lodestar method against the percentage method prior to selecting one or the other. Moreover, our limited remand order in this case indicated that a majority of our panel was of the view that the award should be judged in relation to the common fund; the district court certainly did not abuse its discretion in using a percentage method in the circumstances.
 
 
 13
 The objectors also contend that the district court's award is fatally defective because the district court never specified the percentage awarded. This contention is frivolous. The magistrate judge clearly indicated that she was determining the reasonableness of the fee as a percentage of the common fund. The district court accepted her finding that a $3 million fee was reasonable in light of the $25 million benefit to the class. We are at a loss to see what would have been added by a recitation that $3 million is 12% of $25 million or, if the class settlement and the fee are considered together, that $3 million is 10.7% of $28 million.
 
 
 14
 Finally, we reject the objectors' argument that the district court's award must be overturned because there is no finding of the number of hours worked by counsel, or a calculation of what the alternative lodestar fee would be. As the Supreme Court has noted, reasonableness of attorneys' fees under the common-fund doctrine "is based on a percentage of the fund bestowed on the class," not on the amount of time expended by the attorneys. Blum v. Stenson, 465 U.S. 886, 900 n. 16 (1984). We applied that principle in Six (6) Mexican Workers, 904 F.2d at 1311, when we approved a 25% common-fund award as the "benchmark." Id. It is true that we also stated that "[t]he benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." Id. (emphasis added). We found no such special circumstances in Six (6) Mexican Workers, and approved a 25% recovery without calculating a lodestar or stating the hours worked, although we did note that the litigation had spanned 13 years. Id. In Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370 (9th Cir.1993), we did calculate an alternative lodestar figure of $3 million, but then approved a fee of 25% of the common fund, which amounted to $7.5 million. Nothing we said in Torrisi made it mandatory for the district court to calculate the lodestar or make a finding of the precise hours worked by the class attorneys.[1]
 
 
 15
 The district court had before it the entire record of this litigation. It noted that the class attorneys for three months had effectively conducted negotiations over vigorously contested points. It found that the class had benefited by $25 million in an innovative settlement. We see in the record no "special circumstances" that would indicate that the percentage award, less than half the benchmark 25%, was "too small or too large in light of the hours devoted to the case or other relevant factors." Six (6) Mexican Workers, 904 F.2d at 1311.
 
 III
 
 16
 The district court did not abuse its discretion in determining the fee negotiated between class counsel and Sears to be reasonable. Its order approving the fee is
 
 
 17
 AFFIRMED.
 
 
 
 *
 Judge Schnacke died after rendering the initial decision approving the settlement and the attorneys' fees. Judge Smith presided during a later limited remand from this court
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Conversely, in assessing the reasonableness of a lodestar calculation, we have held that it was "reasonable for the district court to compare the lodestar fee ... to the 25% benchmark, as one measure of the reasonableness of the attorneys' hours and rates." In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 109 F.3d 602, 607 (9th Cir.1997) (emphasis added). We did not, however, require a lodestar fee to be compared with a benchmark in order to determine its reasonableness