[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 16, 2003
THOMAS K. KAHN
CLERK

_____

No. 03-12113
_____

D. C. Docket No. 99-01676-CV-ORL-19-DAB

CLAUDIA SMALBEIN, as co-personal representative
of the Estate of Paul Smalbein,
EDWARD MILLIS, as co-personal representative
of the Estate of Paul Smalbein,

Plaintiffs-Appellants,

versus

CITY OF DAYTONA BEACH,
GARY A. SAULT, Officer,
T. A. PERKINS, Officer,
individually and in their official capacity,
DAVID M. WILLIS, Officer,
BRUCE M. MCBRIDE, Officer, individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 16, 2003)

Before CARNES, BARKETT and DUHE[*], Circuit Judges.

_____

[*]Honorable John Malcom Duhe, United States Circuit Judge for the Fifth Circuit, sitting
by designation.

PER CURIAM:

Claudia Smalbein and Edward Millis, personal representatives of the Estate of Paul Smalbein, appeal the denial of their motion for an award of statutory attorney's fees following a settlement agreement on their claims with the City of Daytona Beach and Police Officers Gary A. Sault, T.A. Perkins, David M. Willis, and Bruce M. McBride (collectively, "Daytona Beach Defendants"). Smalbein and Millis filed their motion for fees pursuant to 42 U.S.C. § 1988 (b),[1] which allows for a fee award to the "prevailing party" in suits brought for the vindication of civil rights. In response, the City of Daytona Beach requested an evidentiary hearing to determine the merits of Paul Smalbein's 42 U.S.C. § 1983 claims in order to establish whether Smalbein and Millis were eligible for § 1988 (b) attorney's fees. The Magistrate Judge recommended that the motion for attorney's fees be granted but that the evidentiary hearing be denied. The district court denied both the motion for attorney's fees and evidentiary hearing. Because we find that Smalbein and Millis are prevailing parties under 42 U.S.C. § 1988, we reverse the district court's denial of the motion for attorney's fees and remand for the purpose of

---

[1] § 1988 (b) provides that:

> In any action or proceeding to enforce a provision of sections . . . 1983 . . . of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . .

holding an evidentiary hearing on the award of attorney's fees and costs to Smalbein and Millis per the terms of the parties' settlement agreement.

## I. BACKGROUND

Paul Smalbein, the original plaintiff, filed a ten-count complaint against the City of Daytona Beach, the City of Daytona Beach Police Department, and various police officers. Smalbein alleged that his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments and the Civil Rights Act of 1871, 42 U.S.C. § 1983, were violated following his arrest in a night club parking lot. Specifically, Smalbein claimed that he was deprived of his due process rights, his right to be free of excessive force, and the right to reasonable medical care under § 1983. He also alleged state law claims of false imprisonment, battery, and intentional infliction of emotional distress. The complaint was later amended to allege eleven counts and named Claudia Smalbein and Edward Millis as plaintiffs after the death of Paul Smalbein.[2]

After mediation, the parties reached a settlement agreement whereby the City of Daytona Beach agreed to pay Smalbein and Millis $25,000. All issues raised in the amended complaint were settled except for payment of attorney's fees and taxable costs, and the parties jointly noticed the district court of their

---

[2]We note that Paul Smalbein's death was unrelated to the facts of this case.

3

agreement. The district court dismissed the case with prejudice and referred any dispute as to the attorney's fees and costs to the Magistrate Judge for a report and recommendation. The court later amended its order and dismissed the case without prejudice until the Daytona Beach City Council approved the settlement.

Thereafter, Smalbein and Millis filed a motion for attorney's fees under § 1988 (b). In response, the Daytona Beach Defendants filed a request for an evidentiary hearing on the merits of the § 1983 claims. Both the motion and the request for an evidentiary hearing were denied as premature because a final settlement had not yet been reached.

After approval by the City of Daytona Beach and disbursement of the $25,000 to Smalbein and Millis, the district court incorporated the settlement agreement by reference into its order of dismissal and retained jurisdiction for the enforcement of its terms. Smalbein and Millis re-filed their motion for attorney's fees, and the Daytona Beach Defendants responded again with a request for an evidentiary hearing on the merits of the § 1983 claims. The Magistrate Judge recommended that the evidentiary hearing be denied because the court should not be "entangled" in protracted litigation after the substantive issues of a case have been resolved. The Magistrate Judge also recommended that the motion for attorney's fees be granted because the "significant" payment to Smalbein and

Millis of $25,000 and the disposal of Paul Smalbein's § 1983 claims against the Daytona Beach Defendants made them the prevailing party under § 1988 (b). The district court agreed with the Magistrate Judge that an evidentiary hearing on the merits of the § 1983 claims was unnecessary but rejected the Magistrate Judge's recommendation that attorney's fees be paid.

## II. STANDARD OF REVIEW

The proper standard for an award of attorney's fees is a question of law that we review de novo. Loggerhead Turtle v. County Council, 307 F.3d 1318, 1322 (11th Cir. 2002) (citing Barnes v. Broward County Sheriff's Office, 190 F.3d 1274, 1276-77 (11th Cir. 1999)). Any factual findings made relevant to that question are reviewed for clear error. Id. (citing Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995)). A district court's decision on whether to award attorney's fees is reviewed for abuse of discretion. Id.

## III. DISCUSSION

Under the "American Rule," United States courts follow "'a general practice of not awarding fees to a prevailing party'" in a suit. Buckhannon Board & Care Home, Inc., v. W. Va. Dept. of Health & Human Res., 532 U.S. 598, 602 (2001) (quoting Key Tronic Corp. v. United States, 511 U.S. 809, 819 (1994)). However, where Congress has given courts "explicit statutory authority" under "fee-shifting"

statutes, they may award attorney's fees to the prevailing party.  Id.  Under § 1988 (b), Congress enumerated § 1983 as one of these fee-shifting statutes; therefore, Smalbein and Millis are eligible to seek an award of attorney's fees on Paul Smalbein's § 1983 civil rights claims under § 1988 (b) provided that they meet the test of being a "prevailing party."  The question here is whether Smalbein and Millis qualify as the prevailing party when their claims were settled pursuant to an agreement that the district court then incorporated into its order of dismissal and over which it retained jurisdiction for the enforcement of its terms.

It is now established that in order to be considered a prevailing party under § 1988 (b), there must be a "court-ordered . . .'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees."  Buckhannon, 532 U.S. at 604 (quoting Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989)).  In other words, there must be: (1) a situation where a party has been awarded by the court "'at least some relief on the merits of his claim'" or (2) a "judicial imprimatur on the change" in the legal relationship between the parties.  Id. at 603, 605 (quoting Hewitt v. Helms, 482 U.S. 755, 760 (1987)).  Thus, one can be a prevailing party, for example, under an enforceable judgment on the merits or under a court-ordered consent decree.  Id. at 604.  Either option constitutes a material alteration in the legal relationship of the

6

parties. One may be a prevailing party through formal entry of a consent decree as to a private settlement agreement because the agreement has the necessary judicial approval and oversight to be considered an alteration in the legal relationship of the parties warranting an award of attorney's fees under § 1988 (b). Mahler v. Gagne, 448 U.S. 122, 129 (1980).

The Supreme Court has also held that a federal court may have jurisdiction to enforce the terms of a private settlement agreement where a court has embodied the agreement in a dismissal order or has specially retained jurisdiction over it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994). In applying this precedent, we have held in this Circuit that even where there has been no formal entry of a consent decree following a settlement agreement, a district court may still award attorney's fees to the prevailing party as long as: (1) it has incorporated the terms of the settlement into the final order of dismissal or (2) it has explicitly retained jurisdiction to enforce the terms of the settlement. American Disability Ass'n v. Chmielarz, 289 F.3d 1315, 1320 (11th Cir. 2002). Under either option, the district court "clearly establishes 'judicially sanctioned change in the legal relationship of the parties,' as required by Buckhannon, because the plaintiff thereafter may return to court to have the settlement enforced." Id. A formal consent decree is unnecessary because the incorporation of the settlement

into a court order or the explicit retention of jurisdiction over the terms of the settlement are the "functional equivalent of an entry of a consent decree." Id.

This rule is consistent with many of our sister circuits who have likewise concluded that judicial action with sufficient judicial imprimatur other than a judgment on the merits or a court-ordered consent decree may allow for an award of attorney's fees. See, e.g., Roberson v. Giuliani, 2003 WL 22232780 (2d. Cir. 2003); Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128 (9th Cir. 2002); Oil, Chem. & Atomic Workers Int'l Union v. Dep't of Energy, 288 F.3d 452, 458-59 (D.C. Cir. 2002) (finding that the parties' stipulation and order of dismissal was not enough to "meaningfully alter the legal relationship of the parties," but had they done so, Buckhannon would not preclude an award of fees); Smyth v. Rivero, 282 F.3d 268 (4th Cir. 2002); Truesdell v. Philadelphia Hous. Auth., 290 F.3d 159 (3d Cir. 2002). Cf. Christina A. v. Bloomberg, 315 F.3d 990, 993 (8th Cir. 2003) ("Buckhannon, as indicated, makes it clear that a party prevails only if it receives either an enforceable judgment on the merits or a consent decree.") (emphasis added).

In this case, the Magistrate Judge and the district court correctly concluded that because the final settlement between the parties was incorporated by reference into the order of dismissal and the court retained jurisdiction to enforce the terms

8

of the settlement agreement, it judicially altered the legal relationship of the parties, and thus functioned as the equivalent of a consent decree under Chmielarz. Although the $25,000 had been paid to Smallbein and Millis, the court retained jurisdiction to enforce all other terms in the settlement agreement including those related to the release and discharge of all claims by both parties,[3] the promise by Smalbein and Millis to pay any outstanding medical bills,[4] the indemnification

---

[3]The parties' settlement agreement provides that:

> Smalbein hereby forever releases and discharges [Daytona Beach Defendants], and their past and present agents, servants, representatives, elected officials, attorneys, and their successors, legal representatives and assigns (all the aforementioned individuals and entities are hereinafter referred to as "Releasees"), from any and all claims, actions, causes of action, demands, rights damages, losses, loss of services, lost profit or income claim, punitive damage claim, and any other claim or loss whatsoever that Smalbein now has or which may hereafter accrue on account of or in anyway growing or arising out of (directly or indirectly) any claim against Releasees arising out of the arrest and detention of Paul Smalbein at anytime, or otherwise growing or arising out of any of the facts, circumstances, or allegations as set forth in any complaint filed in the United States District Court, Middle District of Florida, Orlando Division, Case Number 6:99-CV 1676-ORL-19DAB. . . .

> Moreover, Releasees agree that they will not pursue any sort of claim against Smalbein, nor will they pursue any sort of claim against Smalbein for anything that has occurred before the signing of this release. Releasees hereby agree that they release and discharge Smalbein in the same manner that Smalbein has released and discharged Releasees as set forth above.

Mutual Complete Release of Claims, May 9, 2002, at 1, 3.

[4]The parties' agreement states, in relevant part, that:

> As a further consideration and inducement for this compromise settlement, Smalbein warrants that there are no outstanding physician, hospital, or other medical bills which were incurred as a result of the aforementioned incident, or if there are any such medical bills outstanding, that those medical bills will be paid,

clause for any medically related claims, judgments, demands, or expenses which may subsequently arise out of the arrest and detention of Paul Smalbein,[5] as well as the payment of attorney's fees.[6]

Although holding that the parties' settlement agreement was the equivalent of a consent decree, the district court nonetheless denied attorney's fees to Smalbein and Millis finding that the "overarching motif of § 1988 jurisprudence" is that "the vindication of a plaintiff's rights on the merits of her claims is a condition precedent to any award of attorney's fees." Order of District Judge, March 25, 2003, at 10. We disagree with that determination because a party may be considered a prevailing party under a consent decree without any admission of liability on the merits of the underlying claims or a requirement that the other party

_____

satisfied, and discharged from the settlement proceeds.

Mut. Complete Rel. of Claims at 3.

[5]The settlement agreement further provides that:

> Smalbein further represents and warrants that the undersigned agree to indemnify, defend, and save harmless Releasees from any and all claims, judgments, demands, or expenses whatsoever which any physician, health care provider, hospital, governmental agency, Blue Cross/Blue Shield, insurance company, medicare, medicaid, HMO, or anyone else may hereafter bring or assert on account of any injury or damage resulting from the subject matter of the contentions and claims above mentioned.

Id. at 3.

[6]See supra note 9.

10

modify a policy, procedure or practice. All that is necessary is that some relief be awarded by the court.[7] <u>Buckhannon</u>, 532 U.S. at 603. <u>Buckhannon</u> does not require explicit vindication on the merits of the claim <u>in addition to</u> the parties settlement agreement in order for Smalbein and Millis to be considered as the prevailing party.

<u>Buckhannon</u> provides that when there is <u>either</u> an enforceable judgment on the merits <u>or</u> a settlement agreement enforced through a court-ordered consent decree, a material alteration of the legal relationship of the parties occurs, and the test to be deemed a prevailing party has been met. <u>Utility Automation 2000, Inc., v. Choctawhatchee Elec. Coop., Inc.</u>, 298 F.3d 1238, 1248 (11th Cir. 2002). Although a consent decree <u>does not always include an admission of liability on the merits</u> by the defendant, it nonetheless meets the test. <u>Buckhannon</u>, 532 U.S. at 604 (emphasis added). "Nothing in the language of § 1988 conditions the District Court's power to award fees on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated . . . the Senate Report expressly stated that 'for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent

---

[7]The district court would be justified in denying an award of attorney's fees only "where the plaintiff's success on a legal claim can be characterized as purely technical or <u>de minimus</u>." <u>Tex. State Teachers Assoc.</u>, 489 U.S. at 792.

11

judgment . . . .'" Mahler, 448 U.S. at 129. What is important is that under a settlement agreement that is the functional equivalent of a consent decree, "the plaintiff thereafter may return to court to have the settlement enforced." Chmielarz, 289 F.3d at 1320. "[I]n the case of court-approved settlements and consent decrees, even if there has been no judicial determination of the merits, the outcome is at least the product of, and bears the sanction of, judicial action in the lawsuit." Buckhannon, 532 U.S. at 618 (Scalia, J., concurring). As held by the Supreme Court, "if the plaintiff has succeeded on 'any significant issue . . . which achieve[d] some of the benefit the parties sought in bringing suit,' the plaintiff has crossed the threshold to a fee award of some kind." Tex. State Teachers Ass'n., 489 U.S. at 791-92 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978).

In this case, Paul Smalbein's original complaint solely sought relief in the form of monetary damages for the § 1983 claims. Under the settlement agreement, Smalbein and Millis received monetary damages on Paul Smalbein's § 1983 claims. This is sufficient for them to be considered the prevailing party. "[T]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties . . . where such a change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award . . . not to

the availability of a fee award <u>vel non</u>." <u>Id.</u>, 489 U.S. at 792-93.

Notwithstanding their entitlement to fees as prevailing parties, the City of Daytona Beach argues that under the settlement agreement Smalbein and Millis must still have a trial on the merits of the § 1983 claims and prove them meritorious before they may be awarded reasonable attorney's fees and costs.[8] Thus, we are confronted with a document that purports to be both a settlement and not a settlement. It is clear that both parties to this agreement knew and accepted the fact that the $25,000 which was paid was intended only to compensate Smalbein and Millis and did not include attorney's fees and costs. At the same time, both parties knew and accepted the fact that attorney's fees and costs were

---

[8]The parties' settlement agreement states:

> The parties stipulate and agree that they will litigate whether Frederick C. Morello, P.A. and/or Smalbein are entitled to collect attorney fees and costs under the causes of action pled in the most recent complaint filed in the pending litigation (referenced above). The parties stipulate that the issue of entitlement to attorney fees and costs will be submitted to the Federal Court to determine whether Frederick C. Morello, P.A. or Smalbein would be entitled to collect attorney fees and costs under the causes of action last pled in the lawsuit <u>and the parties further stipulate to an evidentiary hearing on the causes of action last pled to determine their merit, or lack thereof</u>, to determine the issues of Plaintiff's entitlement to attorneys fees. . . .

> The parties hereby agree that this matter can be heard either by the District Court Judge, or alternatively the Federal Magistrate Judge. . . . <u>The parties further agree that at the trial/evidentiary hearing regarding entitlement to attorney fees and costs, the parties can present evidence either through witness testimony or deposition testimony. A jury trial is waived by both sides</u>. (emphasis added)

<u>Mut. Complete Rel. of Claims</u> at 1-2.

13

being sought by Smalbein and Millis and conditioned an award upon the court retaining jurisdiction in order to determine whether Smalbein's claims had merit.[9]

While the settlement agreement in this case is unusual, we find that the terms at issue regarding attorney's fees and costs are a material part of their agreement and are neither invalid nor unenforceable. We have no basis under § 1988 (b) for ignoring the provisions that the parties bargained for in an arms-length transaction. The Supreme Court has held that under the language of § 1988 and its legislative history, "while it is undoubtedly true that Congress expected fee shifting to attract competent counsel to represent citizens deprived of their civil rights, it [did not render] them nonwaivable or nonnegotiable; instead, it added them to the arsenal of remedies available to combat violations of civil rights . . . ." Jeff V. Evans v. Jeff. D., 475 U.S. 717, 731-32 (1986) (upholding an agreement in a class action suit that conditioned settlement upon a waiver of statutory attorney's fees under 42 U.S.C. § 1988).

---

[9]As stated in the parties settlement agreement:

> This release, however, does not include any claim that Smalbein or Frederick C. Morello, P.A. may have for attorney fees and costs . . . If the Federal Court determines that Frederick C. Morellos, P.A. or Smalbein are entitled to collect attorney fees and costs, the Federal Court will also determine the amount unless the parties stipulate to an amount before the entitlement hearing. The Plaintiff has agreed to limit said attorney fees to no more than $80,000.00 for the trial court award if this settlement is approved and only the fee issues remain.

Mut. Complete Rel. of Claims at 1, 2.

14

Accordingly, we find that the district court erred in holding that Smalbein and Millis were not the prevailing parties under § 1988 (b), and **REVERSE** and **REMAND** for the district court to hold an evidentiary hearing on the merits of Smalbein's § 1983 claims with regard to a reasonable award of attorney's fees and costs.

CARNES, Circuit Judge, concurring:

I agree with the Court that the settlement agreement altered the legal relationship of the parties to a sufficient extent that the plaintiff is a prevailing party for purposes of 42 U.S.C. § 1988. As a result, the plaintiff would have been entitled to attorney's fees but for one provision in the settlement agreement. Under that provision attorney's fees and costs are to be awarded only if the district court decides after an evidentiary hearing that plaintiff's claims had merit. The Court correctly remands the case for that evidentiary hearing, because the attorney's fees provision in the settlement agreement is not invalid or unenforceable. I write separately to explain in more detail why it is not.

The settlement agreement in this case is unusual. We do not often see the parties stipulate to the payment of an amount in settlement of the liability issue, while at the same time agreeing to condition attorney's fees and costs on a decision by the district court of whether the plaintiff's claims had merit. That is exactly what the parties in this case did, and for good measure they also agreed to a cap of $80,000.00 on the amount of attorney's fees the district court could award.

Odd though it be, there is nothing illegal about this provision in the settlement agreement that the award of attorney's fees will be decided by the district court based upon the merits of claims for which liability has been

16

compromised and settled by the parties. The provision is not void on the theory that it conflicts with 42 U.S.C. § 1988, which is the attorney's fees statute applicable to 42 U.S.C. § 1983 cases. The Supreme Court's decision in Evans v. Jeff D., 475 U.S. 717, 106 S. Ct. 1531 (1986), makes it clear that the provision is entirely consistent with § 1988.

In Jeff D. the parties settled a class action lawsuit seeking injunctive relief by agreeing to virtually all of the relief the plaintiffs sought, but they also agreed that the plaintiffs would not be awarded any attorney's fees or costs. Id. at 722, 106 S. Ct. at 1534-35. The plaintiffs filed a motion requesting the district court to approve the settlement except for the provision denying them costs and attorney's fees, and to allow them to present a bill of costs and fees for consideration by the court. Id. at 723, 106 S. Ct. at 1535. Treating the provision barring an award of costs and fees as a material part of the settlement agreement, the district court enforced that provision just as it did other parts of the settlement. The result was that even though the plaintiffs clearly were prevailing parties in the lawsuit for purposes of § 1988, they received no costs or attorney's fees. Id. at 723-24, 106 S. Ct. at 1535.

The Ninth Circuit reversed and remanded to the district court for determination of reasonable attorney's fees, concluding that, in the absence of

unusual circumstances, "a stipulated waiver of all attorney's fees obtained solely as a condition for obtaining relief for the class should not be accepted by the court." Jeff D. v. Evans, 743 F.2d 648, 652 (9th Cir. 1984). The Ninth Circuit based its holding on two grounds. First, the Court held that simultaneous negotiation of class action settlements and attorney's fees was not appropriate absent special circumstances. Id. The court's reasoning was that class representatives should not be faced with the choice between obtaining relief for the class through settlement but forgoing attorney's fees, or rejecting the offered relief for the class in the hope of eventually recovering fees that will satisfy any personal liability the class representative may have to counsel. Id.

The second basis for the Ninth Circuit's Jeff D. decision was that Congress had intended fee-shifting to be an inducement for bringing valid civil rights cases, and therefore "a successful section 1983 claimant 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust,'" and no such "special circumstances" were present in that case. Id. at 651 (quoting from the legislative history incident to enactment of § 1988 (citation omitted)). The Court remanded with instructions for the district court to award costs and attorney's fees to the plaintiffs, id. at 652, the same as though the settlement agreement had not barred them.

18

In other words, the Ninth Circuit in Jeff D. reached the same conclusion the plaintiff would have us reach in this case: a provision limiting the award of attorney's fees to a prevailing party is unenforceable because it is inconsistent with § 1988, and accordingly the provision should be ignored. The Ninth Circuit's decision would be persuasive authority for the plaintiff's position in this case but for the fact that the Supreme Court reversed it.

In the course of reversing the Ninth Circuit's decision in Jeff D., the Supreme Court expressed its belief that "a general proscription against negotiated waiver of attorney's fees in exchange for a settlement on the merits would itself impede vindication of civil rights . . . by reducing the attractiveness of settlement." 475 U.S. at 732, 106 S. Ct. at 1540. More importantly for present purposes, the Supreme Court in Jeff D. expressly rejected the contention that either the text or the legislative history behind § 1988 is inconsistent with attorney's fees waivers in settlement agreements. Id. at 731-32, 106 S. Ct. at 1539-40.[1]

As for the text of § 1988, the Supreme Court explained that the language

_____

[1]Although the Supreme Court does not expressly address "costs" as distinct from "attorney's fees" in its discussion of legislative intent, a later statement in its opinion indicates that a waiver of "costs" is also permitted under § 1988. See Jeff D., 475 U.S. at 733, 106 S. Ct. at 1540 ("To promote both settlement and civil rights, we implicitly acknowledged in Marek v. Chesny the possibility of a tradeoff between merits relief and attorney's fees when we upheld the defendant's lump-sum offer to settle the entire civil rights action, including any liability for fees and costs."). And, of course, there is no good reason to permit waiver or conditioning of fees but not costs.

19

Congress used had "neither bestowed fee awards upon attorneys nor rendered them nonwaivable or nonnegotiable," but instead had simply "added them to the arsenal of remedies available to combat violations of civil rights, a goal not invariably inconsistent with conditioning settlement on the merits on a waiver of statutory attorney's fees." Id. As for legislative history, the Supreme Court noted that in enacting § 1988 Congress had specifically rejected a proposal that would have made the award of attorney's fees mandatory, and the Court reasoned that it would "strain principles of statutory interpretation to conclude that Congress intended to utilize fee non-negotiability to achieve the purposes of section 1988." Id. at 732 n.22, 106 S. Ct. at 1540 n.22. The Supreme Court's statements and reasoning in Jeff D. are flatly inconsistent with plaintiff's position in this case.

It is also impossible to square that position with the result in Jeff D. If it is permissible for the parties to a settlement agreement to completely dispense with attorney's fees even though the plaintiff is a prevailing party under § 1988 and regardless of the merits of the plaintiff's claims, and we know from Jeff D. that it is, then it must be permissible for the parties to condition the award of attorney's fees on whether the plaintiff's claims had any merit. In Jeff D. the Supreme Court recognized as "undoubtedly true" the fact that Congress in enacting § 1988 "expected fee shifting to attract competent counsel to represent citizens deprived of

20

their civil rights." Id. at 731, 106 S. Ct. at 1539 (citation omitted). In light of that purpose, it would be illogical to permit the parties to agree in a settlement that the plaintiff is not to receive attorney's fees even though he has been deprived of his civil rights, but not permit them to agree that the plaintiff will receive fees only if he can show a deprivation of his civil rights.

The agreement in this case, keyed as it is to the merits of the plaintiff's claims, is more consistent with the congressional purpose behind § 1988, which is to encourage the bringing of arguably meritorious claims, than is the agreement the Supreme Court honored and enforced in Jeff D. Under the agreement in this case, the plaintiff will receive attorney's fees if the claims he brought are meritorious, while under the agreement enforced in Jeff D. the plaintiff would not. It makes no sense to enforce a provision that detaches attorney's fees from the merits of the claims brought, as the Supreme Court did in Jeff D., yet refuse to enforce one that links fees to their merits, as plaintiff would have us do. If there is to be any difference, it ought to run the other way. Given our obligation to follow Supreme Court decisions, however, the most we can do is avoid the anomaly of a regime in which a Jeff D. type agreement is permitted while the type of agreement reached in this case is not.

There are, of course, substantial practical differences between the type of

agreement in <u>Jeff D.</u> and the one in this case. The type of agreement before the Court in <u>Jeff D.</u> brings the entire litigation to a close, a blessed event in our judicial system. The type of agreement in this case merely narrows the issues to be litigated, which is not as much of a blessing but is better than having no agreement at all. High-low settlement agreements, which leave the merits of a case for trial but bracket the parties' risk of litigation, are not unusual, <u>see, e.g.</u>, <u>Hoops v. Watermelon City Trucking, Inc.</u>, 846 F.2d 637, 639 (10th Cir. 1988), and this agreement is not unlike one of those. The principal terms of the parties' agreement in this case are that: there would be a determination of the merits of the plaintiff's claims, but it would be made by the judge instead of a jury; the plaintiff would receive exactly $25,000.00 in damages, regardless of what the judge determined about the merits; the defendants would pay the plaintiff attorney's fees if the judge determined there was merit to his claims; and any attorney's fees awarded could not exceed $80,000.00 in any event.[2]

However unusual it is, this settlement agreement did streamline the issues and provide an expeditious way of resolving the remaining ones by bench trial. The agreement removed from contention: the issue of whether any compensatory

---

[2]There was also a provision in the agreement under which the plaintiff warranted that there were no medical bills outstanding, to pay out of the settlement proceeds any that might be, and to indemnify the defendants against any claims that might arise against them because of related medical bills.

damages should be awarded to the plaintiff, the issue of how much those damages should be, and the issue of whether the plaintiff might be entitled to more than $80,000.00 in attorney's fees. And it left the determination of whether attorney's fees should be awarded to turn on the merits of the plaintiff's claims, which were to be decided by the court instead of a jury. From the judiciary's perspective, what the parties agreed to is not as desirable as a full settlement, but it beats a trial by jury of all liability and damages issues followed, if the plaintiff prevails, by an attorney's fees proceeding with no cap on the amount to be awarded.

None of this means that the district court was required to accept the settlement agreement. Rejecting it in toto probably would not have been an abuse of discretion. By the same token, the district court probably could have conditioned its acceptance of the agreement on modification of one or more of its terms, so long as the court gave the parties a choice between either going along with any modifications the court thought appropriate, or proceeding with the litigation without the agreement.

What the district court could not do about the settlement agreement without abusing its discretion is take an agreement hammered out between represented parties and delete one of its crucial terms, a term that one party bargained hard to get, without giving that party an opportunity to withdraw from the altered

23

agreement. See Jeff D., 475 U.S. at 726, 106 S.Ct. at 1537 ("the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed"). It is too late to give the parties an opportunity to back out of the agreement now, because the defendants have paid the agreed upon sum to settle the claims to the plaintiff, and as plaintiff's counsel has informed us, that money is gone. The only proper thing that we can do now is what the Court does, which is to remand the case for the district court to carry out the terms of the agreement that relate to attorney's fees.