CARNES, Circuit Judge,
concurring:
I agree with the Court that the-settlement agreement altered the legal relationship of the parties to a sufficient extent that the plaintiff is a prevailing party for purposes of 42 U.S.C. § 1988. As a result, the plaintiff would have been entitled.to attorney’s fees but for one provision in the settlement agreement. Under that provision attorney’s fees and costs are to be awarded only if the district court decides after an evidentiary hearing that plaintiffs claims had merit. The Court correctly *909 remands the case for that evidentiary hearing, because the attorney’s fees provision in the settlement agreement is not invalid or unenforceable. I write separately to explain in more detail why it is not.
The settlement agreement in this case is unusual. We do not often see the parties stipulate to the payment of an amount in settlement of the liability issue, while at the same time agreeing to condition attorney’s fees and costs on a decision by the district court of whether the plaintiffs claims had merit. That is exactly what the parties in this case did, and for good measure they also agreed to a cap of $80,000.00 on the amount of attorney’s fees the district court could award.
Odd though it be, there is nothing illegal about this provision in the settlement agreement that the award of attorney’s fees will be decided by the district court based upon the merits of claims for which liability has been compromised and settled by the parties. The provision is not void on the theory that it conflicts with 42 U.S.C. § 1988, which is the attorney’s fees statute applicable to 42 U.S.C. § 1983 cases. The Supreme Court’s decision in Evans v. Jeff D., 475 U.S. 717, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986), makes it clear that the provision is entirely consistent with § 1988.
In Jeff D. the parties settled a class action lawsuit seeking injunctive relief by agreeing to virtually all of the relief the plaintiffs sought, but they also agreed that the plaintiffs would not be awarded any attorney’s fees or costs. Id. at 722, 106 S.Ct. at 1534-35. The plaintiffs filed a motion requesting the district court to approve the settlement except for the provision denying them costs and attorney’s fees, and to allow them to present a bill of costs and fees for consideration by the court. Id. at 723, 106 S.Ct. at 1535. Treating the provision barring an award of costs and fees as a material part of the settlement agreement, the district court enforced that provision just as it did other parts of the settlement. The result was that even though the plaintiffs clearly were prevailing parties in the lawsuit for purposes, of § 1988, they received no costs or attorney’s fees. Id. at 723-24, 106 S.Ct. at 1535.
The Ninth Circuit reversed and remanded to the district court for determination of reasonable attorney’s fees, concluding that, in the absence of unusual circumstances, “a stipulated waiver of all attorney’s fees obtained solely as a condition for obtaining relief for the class should not be accepted by the court.” Jeff D. v. Evans, 743 F.2d 648, 652 (9th Cir.1984). The Ninth Circuit based its holding on two grounds. First, the Court held that simultaneous negotiation of class action settlements and attorney’s fees was not appropriate absent special circumstances. Id. The court’s reasoning was that class representatives should not be faced with the choice between obtaining relief for the class through settlement but' forgoing attorney’s fees, or rejecting the offered relief for the class in the hope of eventually recovering fees that will satisfy any personal liability the class representative may have to counsel. Id.
The second basis for the Ninth Circuit’s Jeff D. decision was that Congress had intended fee-shifting to be an inducement for bringing valid civil rights cases, and therefore “a successful section 1983 claimant ‘should ordinarily' recover an attorney’s fee unless special circumstances would render such an award unjust,’ ” and no such “special circumstances” were present in that case. Id. at 651 (quoting from the legislative history incident to enactment of § 1988 (citation omitted)). The Court remanded with instructions for the ■ district court to award costs and attorney’s fees to *910 the plaintiffs, id. at 652, the same as though the settlement agreement had not barred them.
In other words, the Ninth Circuit in Jeff D. reached the same conclusion the plaintiff would have us reach in this case:' a provision limiting the award of attorney’s fees to a prevailing party is unenforceable because it is inconsistent with § 1988, and accordingly the provision should be- .ignored. The Ninth Circuit’s decision would be persuasive authority for the plaintiffs position in this case but for the fact that the Supreme Court reversed it.
In the course of reversing the Ninth Circuit’s decision in Jeff D., the Supreme Court expressed its belief that “a general proscription against negotiated waiver of attorney’s fees in exchange for a settlement on the merits would itself impede vindication of civil rights ... by reducing the attractiveness of settlement.” 475 U.S. at 732, 106 S.Ct. at 1540. More importantly for present purposes, the Supreme Court in Jeff D. expressly rejected the contention that either the text or the legislative history behind § 1988 is inconsistent with attorney’s fees waivers in settlement agreements. Id. at 731-32, 106 S.Ct. at 1539-40.[1]
As for the text of § 1988, the Supreme Court explained that the language Congress used had “neither bestowed fee awards upon attorneys nor rendered them nonwaivable or nonnegotiable,” but instead had simply “added them to the arsenal of remedies available to combat violations of civil rights, a goal not invariably inconsistent with conditioning settlement on the merits on a waiver of statutory attorney’s fees.” Id. As for legislative history, the Supreme Court noted that in enacting § 1988 Congress had specifically rejected a proposal that would have made the award of attorney’s fees mandatory, and the Court reasoned that it would “strain principles of statutory interpretation to conclude that Congress intended to utilize fee non-negotiability to achieve the purposes of section 1988.” Id. at 732 n. 22, 106 S.Ct. at 1540 n. 22. The Supreme Court’s statements and reasoning in Jeff D. are flatly inconsistent with plaintiffs position in this case.
It is also impossible to square that position with the result in Jeff D. If it is permissible for the parties to a settlement agreement to completely dispense with attorney’s fees even though the plaintiff is a prevailing party under § 1988 and regardless of the merits of the plaintiffs claims, and we know from Jeff D. that it is, then it must be permissible for the parties to condition the award of attorney’s fees on whether the plaintiffs claims had any merit. In Jeff D. the Supreme Court recognized as “undoubtedly true” the fact that Congress in enacting § 1988 “expected fee shifting to attract competent counsel to represent citizens deprived of their civil rights.” Id. at 731, 106 S.Ct. at 1539 (citation omitted). In light of that purpose, it would be illogical to permit the parties to agree in a settlement that the plaintiff is not to receive attorney’s fees even though he has been deprived of his civil rights, but not permit them to agree *911 that the plaintiff will receive fees only if he can show a deprivation of his civil rights.
The agreement in this case, keyed as it is to the merits of the plaintiffs claims, is more consistent with the congressional purpose behind § 1988, which is to encourage the bringing of arguably meritorious claims, than is the agreement the Supreme Court honored and enforced in Jeff D. Under the agreement in this case, the plaintiff will receive attorney’s fees if the claims he brought are meritorious, while under the agreement enforced in Jeff D. the plaintiff would not. It makes no sense to enforce a provision that detaches attorney’s fees from the merits of the claims brought, as the Supreme Court did in Jeff D., yet refuse to enforce one that links fees to their merits, as plaintiff would have us do. If there is to be any difference, it ought to run the other way. Given our obligation to follow Supreme Court decisions, however, the most we can do is avoid the anomaly of a regime in which a Jeff D. type agreement is permitted while the type of agreement reached in this case is not.
There are, of course, substantial practical differences between the type of agreement in Jeff D. and the one in this case. The type of agreement before the Court in Jeff D. brings the entire litigation to a close, a blessed event in our judicial system. The type of agreement in this case merely narrows the issues to be litigated, which is not as much of a blessing but is better than having no agreement at all. High-low settlement agreements, which leave the merits of a case for trial but bracket the parties’ risk of litigation, are not unusual, see, e.g., Hoops v. Watermelon City Trucking, Inc., 846 F.2d 637, 639 (10th Cir.1988), and this agreement is not unlike one of those. The principal terms of the parties’ agreement in this case are that: there would be a determination of the merits of the plaintiffs claims, but it would be made by the judge instead of a jury; the plaintiff would receive exactly $25,000.00 in damages, regardless of what the judge determined about the merits; the defendants would pay the plaintiff attorney’s fees if the judge determined there was merit to his claims; and any attorney’s fees awarded could not exceed $80,000.00 in any event.[2]
However unusual it is, this settlement agreement did streamline the issues and provide an expeditious way of resolving the remaining ones by bench trial. The agreement removed from contention: the issue of whether any compensatory damages should be awarded to the plaintiff, the issue of how much those damages should be, and the issue of whether the plaintiff might be entitled to more than $80,000.00 in attorney’s fees. And it left the determination of whether attorney’s fees should be awarded to turn on the merits of the plaintiffs claims, which were to be decided by the court instead of a jury. From the judiciary’s perspective, what the parties agreed to is not as desirable as a full settlement, but it beats a trial by jury of all liability and damages issues followed, if the plaintiff prevails, by an attorney’s fees proceeding with no cap on the amount to be awarded.
None of this means that the district court was required to accept the settlement agreement. Rejecting it in toto probably would not have been an abuse of discretion. By the same token, the district court probably could have conditioned its *912 acceptance of the agreement on modification of one or more of its terms, so long as the court gave the parties a choice between either going along with any modifications the court thought appropriate, or proceeding with the litigation without the agreement.
What the district court could not do about the settlement agreement without abusing its discretion is take an agreement hammered out between represented parties and delete one of its crucial terms, a term that one party bargained hard to get, without giving that party an opportunity to withdraw from the altered agreement. See Jeff D., 475 U.S. at 726, 106 S.Ct. at 1537 (“the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed”). It is too late to give the parties an opportunity to back out of the agreement now, because the defendants have paid the agreed upon sum to settle the claims to the plaintiff, and as plaintiffs counsel has informed us, that money is gone. The only proper thing that we can do now is what the Court does, which is to remand the case for the district court to carry out the terms of the agreement that relate to attorney’s fees.

. Although the Supreme Court does not expressly address “costs” as distinct from "attorney's fees” in its discussion of legislative intent, a later statement in its opinion indicates that a waiver of "costs” is also permitted under § 1988. See Jeff D., 475 U.S. at 733, 106 S.Ct. at 1540 ("To promote both settlement and civil rights, we implicitly acknowledged in Marek v. Chesny the possibility of a tradeoff between merits relief and attorney's fees when we upheld the defendant's lump-sum offer to settle the entire civil rights action, including any liability for fees and costs.”). And, of course, there is no good reason to permit waiver or conditioning of fees but not costs.

. There was also a provision in the agreement under which the plaintiff warranted that there were no medical bills outstanding, to pay out of the settlement proceeds any that might be, and to indemnify the defendants against any claims that might arise against them because of related medical bills.